26

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT OF MICHIGAN

Bamidele Muraina
*Petitioner*

v.

Warden E. Rardin
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case: 2:24-cv-10977
Assigned To : Cox, Sean F.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 4/15/2024
Description: HC MURAINA v RARDIN (JP)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Bamidele Muraina
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: Federal Correctional Institution - Milan
   (b) Address: P.O. Box 1000
   Milan, MI 48160
   (c) Your identification number: 73257-019
3. Are you currently being held on orders by:
   ☒ Federal authorities ☐ State authorities ☐ Other - explain:
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court, Northern District of Georgia, 75 Spring St., S.W. Rm. 2211, Atlanta, GA 30303
   (b) Docket number of criminal case: 1:20-cr-00284-01-WMR-RDC
   (c) Date of sentencing: August 31, 2021
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☒ Disciplinary proceedings

☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:

(b) Docket number, case number, or opinion number: #1184254-R1

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Disallowance of 41 GCT Days, Commissary restriction - 90 days, MP3 Player restriction for 90 days, Phone restriction - 180 days, Tablet restriction - 90 days, and a monetary fine of $50.00.

(d) Date of the decision or action: November 4, 2023

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Regional Director, North Central Regional Office Gateway Complex Tower II, 400 State Ave., Kansas City, KS 66101

(2) Date of filing: January 8, 2024

(3) Docket number, case number, or opinion number: #1183612-R2

(4) Result: Denied

(5) Date of result: February 7, 2024

(6) Issues raised: Incident Report reads in relevant part (#3808150): C/o Dunning "conducted a random round in A-unit... noticed Muraina sitting on his bunk... covering his hands... stepped into the cell and found inmate Muraina holding a Motorola smart phone." Muraina asserted in his appeal that he was

listening to the news on his tablet (purchased from commissary) and the "C/O" noticed that back of the tablet is (was) open with the battery slipping out. No pictures of the phone, serial #, IMEI #, and model # were provided to me at the hearing

(b) If you answered "No," explain why you did not appeal: N/A

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Federal Bureau of Prisons, Office of the General Counsel, 320 First Street N.W., Washington, DC 20534

(2) Date of filing: January 24, 2024

(3) Docket number, case number, or opinion number: Administrative Remedy No. 1184254-A1

(4) Result: Denied

(5) Date of result: February 12, 2024

(6) Issues raised: Same as above

(b) If you answered "No," explain why you did not file a second appeal: N/A

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: N/A

(2) Date of filing: N/A

(3) Docket number, case number, or opinion number: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

N/A

(b) If you answered "No," explain why you did not file a third appeal: Appealed to the highest level.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☐ No N/A

If "Yes," provide:

(1) Name of court: N/A

(2) Case number: N/A

(3) Date of filing: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: N/A

(2) Case number: N/A

(3) Date of filing: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

N/A

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: N/A

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: N/A

(b) Date of the removal or reinstatement order: N/A

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☒ No

If "Yes," provide:

(1) Date of filing: N/A

(2) Case number: N/A

(3) Result: N/A

(4) Date of result: N/A

(5) Issues raised: N/A

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: N/A

(2) Date of filing: N/A

(3) Case number: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: N/A

(b) Name of the authority, agency, or court: N/A

(c) Date of filing: N/A

(d) Docket number, case number, or opinion number: N/A

(e) Result: N/A

(f) Date of result: N/A

(g) Issues raised: N/A

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: I was charged with possession of a cell phone, however it was my tablet and was somewhat altered due to the back cover being off and the battery slipping out. During my DHO hearing, I was not shown pictures of the alleged phone, model*, IMEI* (International Mobile Equipment

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Identity), Serial*, or SIM#. I requested to see the evidence during my DHO hearing. My due process right was violated. I am contesting the sufficiency of the evidence as the DHO (Disciplinary Hearing Officer) failed to provide and show me pictures of the alleged cell phone and SIM card. There is no reliable evidence to prove that I handed over a cell phone to the correctional officer. And failure to provide the IMEI* of the alleged Smart phone

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes ☐ No

**GROUND TWO:** The alleged phone was sent to the FBI for prosecution on August 17, 2023 and sent back by the FBI for administrative processing on September 8, 2023. The incident report was delivered to me on September 13, 2023. That is over and beyond the next business day that the incident report was suppose to be delivered to me.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Program Statement 5270.09 Inmate Discipline Program Chapter 2 §541.5(b), Discipline Process, states: "When it appears likely that the incident may involve prosecution, the investigating officer suspends the investigation. Staff may not question the inmate until the FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the end of the next business day. Mine was delivered to me (3) days late (business days). This violated my due process right to adequately prepare a defense.

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes ☐ No

**GROUND THREE:** On October 23, 2023, I was called to appear for the DHO hearing around 7:30am. The DHO read the charges to me from the incident report and asked me if I was guilty or not and I stated I wasn't guilty. I then told him that I didn't know anything about the alleged phone or SIM card.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

I stated that it was my purchased tablet that I handed to the correctional officer. I asked the DHO to show me the pictures of the alleged cell phone and SIM card. I also requested the serial/IMEI number for the alleged phone as that is the only way to identify the maker and type of cell phone. The DHO told me that the incident report only stated the serial number for the SIM card. The DHO stated that he didn't have pictures of the phone or SIM card. The DHO postponed the hearing due to the alleged phone being sent to the FBI.

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes ☐ No

**GROUND FOUR:** On November 3, 2023, I was called again for the DHO hearing. This time, there was a completely new DHO officer. I told the DHO that I wasn't guilty and that I deny the charge. I also stated that I wasn't caught with a cell phone or a SIM card, but rather my purchased altered tablet.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The DHO said I was guilty because of the pictures of the alleged cell phone and SIM card that she had with her. I then asked her if I could see the pictures, but she did not show/provide them to me. I then asked ~~to~~ what the serial number and IMEI number was and she said that there wasn't any but rather the serial number for the SIM card. I purchased my SCORE 7C Tablet on June 22, 2023... the tablet that was altered and ~~soft~~ confiscated from me. After spending 41 days in the SHU, I purchased another tablet on October 23, 2023. (See Exhibit A: Receipts) Exhibit B

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

**Request for Relief**

15. State exactly what you want the court to do: To have all sanctions lifted to include giving me back the good days that I lost. I would like this expunged from my record as well.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

April 2, 2024

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: April 2, 2024

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

Page 10 of 10

Exhibit A

SALES INVOICE --Personal Inmate Information --
Milan FCI
MAIN
ACCOUNT No. 73257019 TF64948
MURAINA, BAMIDELE
10/23/23 Time 09:28:31 TX ID 6533302
Receipt# 69

BEGINNING BALANCES:
Available Balance is N/A
Spending Limit Balance is N/A
Account Balance is $210.78

| QTY | DESCRIPTION | PRICE |
|---|---|---|
| 2 | ASIAN HOT & SWEET SAUCE | $7.00 |
| 12 | CHEDDAR CHEESE CUP SOUP | $9.60 |
| 2 | DORITOS COOL RANCH | $4.90 |
| 12 | MACKEREL CS | $13.80 |
| 1 | Score 7C | $123.50 |
| 5 | STRAWBERRY CREME COOKIE MID | $4.00 |
| 5 | WHITE RICE (MINUTE) | $8.25 |
| | # ITEMS SOLD: 39 | |
| | CHARGE 73257019 | $171.05 |

ENDING BALANCES:
Available Balance is N/A
Spending Limit Balance is N/A
Account Balance is $39.73

Fingerprint Verified

Signature

Exhibit B

SALES INVOICE -- Personal Inmate Information --
Milan FCI
MAIN
ACCOUNT No. 73257019 TF49176
MURAINA, BAMIDELE
06/22/23 Time 06:48:50 TX ID 6456203
Receipt# 31

BEGINNING BALANCES:
Available Balance is N/A
Spending Limit Balance is N/A
Account Balance is $211.08

| QTY | DESCRIPTION | PRICE |
|---|---|---|
| 1 | BOXERS FRUIT OF THE LOOM LARGE | $11.70 |
| 1 | CHINA MUSK | $3.50 |
| 12 | MACKEREL CS | $13.80 |
| 1 | Score 7C | $123.50 |
| 1 | SPRITE 12/PK | $6.80 |
| 1 | TABLET CLEAR HARD COVER | $17.45 |
| | # ITEMS SOLD: 17 | |
| | CHARGE 73257019 | $176.75 |

ENDING BALANCES:
Available Balance is N/A
Spending Limit Balance is N/A
Account Balance is $34.33

Fingerprint Verified

Signature

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Muraina, Bamidele | 73257-019 | B2 | FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing the Regional Director's affirmance of the DHO verdict of guilty and sanctions imposed. *Refer to attached N.C. Regional Response received by me on Jan. 11, 2024.* Specifically, while the Regional Director's response found no procedural errors in the disciplinary hearing process itself, the issue on appeal was my defense argument that I am not guilty and that I deny the charges.

On August 7, 2023, at approximately 11:25am, I was in my cell sitting on my bed and listening to the radio on my tablet. The C/O stepped into my cell and asked me what I was doing. I responded saying, "Listening to the news." He then asked me to hand over my tablet to him and I WILLINGLY surrendered it to him. He told me the tablet is altered because the back of the tablet is open and the battery is slipping out and exposed. He told me to walk with him to the lieutenant's office.

When we arrived at the lieutenant's office, the lieutenant was not available/present in the office. The C/O then told me I can't have an altered tablet and that I have to go to the SHU until the lieutenant investigates and clears me. I told him the tablet is my personal property and that I had bought from commissary and shouldn't be going to the SHU for my tablet being altered. I was taken to the SHU which I was placed in for 41 days.

On September 13, 2023, after 37 days in the SHU, I was taken to the lieutenant's office from the SHU. The lieutenant told me that I was being charged with having a cell phone on me and if I had anything to say about it. I was shocked by this accusation and hearing that I am being

1-11-2024 *SEE ATTACHMENT* [signature]
DATE SIGNATURE OF REQUESTER

**Part B - RESPONSE**

REC... JAN 24

DATE GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE CASE NUMBER: 1184254

**Part C - RECEIPT**

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-10 ATTACHMENT

charged with a cellphone. I told him immediately that it wasn't a phone that I
had in my hands but it was my tablet. He immediately said NO, it was a phone.
I then asked him to show me the alleged phone or pictures of the alleged phone.
He told me NO, he cannot present that evidence to me. He said when I see the
DHO I should tell the DHO all that and then he completely shut me off. He then
proceeded to say, in his words, "Your best bet is no comment," then handed me
the incident report and then I was taken back to the SHU.

A few hours later, my case manager came to my cell door in the SHU and UDC'd
me. I was angry and sad and I told my case manager that this wasn't right and
this is cheating. I was being lied on and I never had a phone. He asked me if
I had any comments for him to put down even though I would still need to see
and appear in front of the DHO. I told him no comments then, since I would
be seeing the DHO as it shows whatever I say will not change anything until
then.

On October 23, 2023, I was called to appear for the DHO hearing around 7:30am.
The DHO read the charges to me from the incident report and asked me if I was
guilty or not. I told the DHO that I was not guilty. I then proceeded to tell
him that I don't know anything about the alleged phone or SIM card. It was my
tablet that I handed over to the C/O and he took me to the SHU because it was
altered. The DHO sounded surprised and I proceeded to ask him to show me the
pictures of the alleged phone and SIM card. Also, most importantly, what was
the serial/IMEI number for the alleged phone as that is the only thing to
identify the maker and type of the alleged phone. He told me like the incident
report had stated that there is no serial number/IMEI number for the phone and
that only the serial number for the SIM card is what he has. The DHO also
stated he doesn't have pictures of the phone or SIM card. Then he proceeded to
provided me with new information that the lieutenant and UDC officer (my case
manager) did not tell me. The DHO told me that the said alleged phone was sent
to the FBI for prosecution on August 17, 2023 and was sent back by the FBI for
administrative processing on September 8, 2023. I was surprised to hear this
new information because I was never told the alleged phone was sent to the
FBI. The DHO then said we will have to postpone my hearing so that he can do
more investigating and findings as there were no pictures or evidence of the
alleged phone and SIM card as well as no number to identify said phone.

On November 3, 2023, I was called again for the DHO hearing. To my surprise,
there was a completely new DHO officer. Not the same DHO officer from a week
and a half ago. The new DHO was not ready or willing to listen to me or let me
explain in detail what was going on. The new DHO seemed to be like she was in
a hurry and wouldn't give me the chance to express myself fully or answer my
questions. I told her that I wasn't guilty and that I deny the charge. I also
told her I was not caught with a phone or a SIM card. It was my altered tablet
that I handed over to the C/O. The new DHO said I was guilty because of the
pictures of the alleged phone and SIM card she had with her. I then asked to
see the pictures but she did NOT show/provide them to me. I asked what the
serial number/IMEI number was and she said there was none and that only the
serial number for the SIM card what was she had in her possession. I even asked
of the said pictures where they were taken because to my own understanding,
there were no pictures taken when the C/O took my tablet from me in the cell
nor were there any pictures taken in my presence. The new DHO made some
conflicting comments in the report. The DHO stated in the report that "During

the DHO hearing you self-admitted the charge by stating (I WAS NOT CAUGHT WITH A PHONE)." I did not admit the charge. As a matter of fact, the DHO report section III (A) clearly marked (X) denies the charge(s). Also, in the comment it reads that I said I WAS NOT CAUGHT WITH A PHONE.

This incident report is all false accusations and should be expunged and all sanctions lifted for the following reasons:

1. I don't know anything about the alleged phone. It was my tablet that the C/O asked me to hand over to him and I simply and WILLINGLY handed it over to him because it was my tablet that I had paid for from commissary.

2. According to Wikipedia and Google services, all mobile devices have a unique identification that is made up of an IMEI number, serial number and model number. Every cell phone has a unique IMEI number for identifying a device. There was no serial number/IMEI number provided to identify the said alleged phone. This violated my due process rights.

3. The alleged phone was sent to the FBI for prosecution on August 17, 2023 and sent back by the FBI for administrative processing on September 8, 2023. The incident report was delivered to me on September 13, 2023. That is over and beyond the next business day the incident report was supposed to be delivered to me. According to Program Statement 5270.09 Inmate Discipline Program Chapter 2 (541.5 Discipline Process)(b), it states, "When it appears like that the incident may involve prosecution, the investigating officer suspends the investigation. Staff may not question the inmate until FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the END of the NEXT BUSINESS DAY." The incident report was delivered to me on September 13, 2023, three (3) business days afterwards. I raised this concern during the DHO hearing and it was ignored by the DHO as the DHO was just rushing to find me guilty and sanction me. This violated my due process rights.

4. There is procedural error in the DHO report Section V (Specific Evidence...) where she stated that "During the DHO hearing you self-admitted the charge by stating (I WAS NOT CAUGHT WITH A PHONE)..." Section III (presentation of evidence)(A) clearly marked (X) inmate denies the charge(s). This is unprofessional and conflicting of the statement made by the DHO. Also, switching from the first DHO officer who clearly sees this incident report is false and needed more time to investigate the accusation as there were no pictures of evidence nor serial number/IMEI number for the alleged phone to identify the maker and model of the alleged phone to another DHO officer created great procedural errors in the disciplinary process.

I am contesting the sufficiency of the evidence as the DHO failed to provide or show me the pictures (evidence) of the said alleged phone and SIM card. There is no reliable evidence to prove that I handed over a smart phone to the C/O. There is no IMEI (International Mobile Equipment Identity) number, no serial number, and no model number to fully IDENTIFY the alleged phone. And contradictory and conflicting statements made by the DHO from the report show that she was siding with the staff member (C/O) and the failure to investigate

further and request for the IMEI/serial number for the phone as well as ignoring the time frame the incident report was delivered after the FBI sent the alleged phone back for administrative processing was all a violation of my due process rights and procedural errors were made in the disciplinary process.

Lastly, failure to deliver the incident report to me by the administration in a timely manner (the next 24 hours) after the FBI had released it for administrative processing violated my due process rights.

I stand by my plea of NOT GUILTY and that the conduct as stated in the incident report is a false accusation. Therefore, the DHO's finding of guilty is not based on the greater weight of the evidence. See, Perez v. Breckon, 2019 U.S. Dist. LEXIS 24645 (2nd Cir. 2019) (citing Luna v. Pico, 356 F.3d 481, 488 (2nd Cir. 2004). Some evidence e.g., greater weight of the evidence require an evaluation of whether "there was reliable evidence of the inmate's guilt."

Therefore, this incident report should be EXPUNGED and ALL SANCTIONS LIFTED. I am entitled to all the relief I requested. Thank you.

**Administrative Remedy No. 1184254-A1**
**Part B - Response**

You appeal the November 3, 2023, hearing decision of the Discipline Hearing Officer (DHO) regarding incident report #3808150 in which you were found to have committed the prohibited acts of Possession, Manufacture, Introduction, or Loss of a Hazardous Tool (Code 108). For relief, you request the incident report be expunged.

Our review of your disciplinary proceedings indicates compliance with Program Statement 5270.09, Inmate Discipline Program. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy. We find no further relief is warranted.

Accordingly, your appeal is denied.

02-12-24
Date

T. Barnett
Timothy Barnett, Administrator
National Inmate Appeals

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Muraina, Bamidele | 73257-019 | B2 | FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing the DHO verdict of guilty and sanctions imposed from Incident Report#3808150. On August 7, 2023, at approximately 11:25am, I was in my cell sitting on my bed and listening to the radio on my tablet. The C/O stepped into my cell and asked me what I was doing. I responded "Listening to the news." He then asked me to hand my tablet over to him and I WILLINGLY surrendered it to him. He told me the tablet is altered because the back of the tablet is open and the battery is slipping out and exposed. He then told me I can't have an altered tablet and that I have to go to the SHU until the lieutenant investigates and clears me. I told him the tablet is my personal property and that I had bought it from commissary and shouldn't be going to the SHU for my tablet being altered. I was taken to the SHU which I was placed in for 41 days. On September 13, 2023, after 37 days in the SHU, I was taken to the lieutenant's office from the SHU. The lieutenant told me that I was being charged with having a cell phone on me and if I had anything to say about it. I was shocked by this accusation and hearing that I am being charged with a cell phone. I told him immediately that it wasn't a phone that I had in my hands but it was my tablet. He immediately said NO, it was a phone. I then asked him to show me the alleged phone or pictures of the alleged phone. He told me NO, he cannot present that evidence to me. He said when I see the DHO I should tell the DHO all that and then he completely shut me off. He then proceeded to say, in his words, "Your best bet is no comment," then handed me the incident report and then I was taken back to the SHU.

On November 3, 2023, I was called to appear for the DHO hearing. The DHO was not ready or willing to listen to me or let me explain in detail what was going on. The DHO seemed to be like she was in a hurry and wouldn't give me the chance to express myself fully or answer my questions. I told her that I wasn't guilty and that I deny the charge. The DHO said I

1-2-2024 (See Attachment) [signature]
DATE | SIGNATURE OF REQUESTER

**Part B - RESPONSE**

JAN 08 2024

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1183612-R2

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ______

DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-10 ATTACHMENT

was guilty because of the pictures of the alleged phone and SIM card she had with her. I then asked to see the pictures but she did NOT show/provide them to me. I asked what's the serial number/IMEI number and she said there was none, that only the serial number for the SIM card was available.

This incident report is all false accusations and should be expunged and all sanctions lifted for the following reasons:

1. According to Wikipedia and Google services, all mobile devices have a unique identification that is made up of an IMEI number, serial number, and model number. Every cell phone has a unique IMEI number for identifying a device. There was no serial number/IMEI number provided to identify the said alleged phone. This violated my due process rights.

2. The alleged phone was sent to the FBI for prosecution on August 17, 2023 and sent back by the FBI for administrative processing on September 8, 2023. The incident report was delivered to me on September 13, 2023. That is over and beyond the next business day the incident report was supposed to be delivered to me. According to Program Statement 5270.09 Inmate Discipline Program Chapter 2 (541.5 Discipline Process)(b), it states, "When it appears likely that the incident may involve prosecution, the investigating officer suspends the investigation. Staff may not question the inmate until FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the END of the NEXT BUSINESS DAY." The incident report was delivered to me on Sept. 13, 2023, three (3) business days afterwards. I raised this concern during the DHO hearing and it was ignored by the DHO as the DHO was just rushing to find me guilty and sanction me. This violated my due process rights.

3. There is procedural error in the DHO report Section V (Specific Evidence...) where she stated that "During the DHO hearing you self-admitted the charge by stating (I WAS NOT CAUGHT WITH A PHONE)..." Section III (presentation of evidence)(A) clearly marked (X) inmate denies the charge(s). This is unprofessional and conflicting of the statement made by the DHO.

I am contesting the sufficiency of the evidence as the DHO failed to provide or show me the pictures (evidence) of the said alleged phone and SIM card. There is no reliable evidence to prove that I handed over a smart phone to the C/O. There is no IMEI (International Mobile Equipment Identity) number, no serial number, and no model number to fully IDENTIFY the alleged phone. And contradictory and conflicting statements made by the DHO from the report show that she was siding with the staff member (C/O) and the failure to investigate further and request for the IMEI/serial number for the phone as well as ignoring the time frame for the incident report was delivered after the FBI sent the alleged phone back for administrative processing was all a violation of my due process rights and procedural errors were made in the disciplinary process.

Lastly, failure to deliver the incident report to me by the administration in a timely manner (end of the next business day) after the FBI had released it for administrative processing violated my due process rights.

I stand by my plea of NOT GUILTY and that the conduct as stated in the incident report is a false accusation. Therefore, the DHO's finding of guilty is not based on the greater weight of the evidence. See, Perez v. Breckon, 2019 U.S. Dist. LEXIS 24645 (2nd Cir. 2019)(citing Luna v. Pico, 356 F.3d 481, 488 (2nd Cir. 2004). Some evidence e.g., greater weight of the evidence require an evaluation of whether "there was reliable evidence of the inmate's guilt."

Therefore, this incident report should be EXPUNGED and ALL SANCTIONS LIFTED. I am entitled to all the relief I requested. Thank you.



BP-A0288

# INCIDENT REPORT

Dept. of Justice / Federal Bureau of Prisons

## Part I - Incident Report

| 1. Institution: **MILAN FCI** | | Incident Report Number: **3808150** | |
|---|---|---|---|
| 2. Inmate's Name **MURAINA, BAMIDELE** | 3. Register Number **73257-019** | 4. Date of Incident **08-07-2023** | 5. Time **1125 hrs** |
| 6. Place of Incident **A-unit** | 7. Assignment **A ORD POOL** | 8. Unit **7 LCP** | |
| 9. Incident **108 -- POSSESSING A HAZARDOUS TOOL.** | | 10. Prohibited Act Code(s) **108** | |

11. Description Of Incident
(Date: **08-07-2023** Time: **1125 hrs** staff became aware of incident)

**On August 7th, 2023, at approximately 11:25 A.M., while working as Compound 2; I conducted a random round in A-unit. While conducting this round I noticed Inmate Muraina, Bamidele Reg. No. 73257-019 sitting on his bunk in cell A05-202L with his locker door open covering his hands. I stepped into the cell and found inmate Muraina holding a Motorola smart phone. He willingly surrendered the phone when I instructed him to hand it over. Only identifiable number for the cell phone was on the SIM card: TF256PSIMV97N.**

| 12. Typed Name/Signature of Reporting Employee **Dustin Dunning** | | 13. Date And Time **08-07-2023 1246 hrs** |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **A.Corsi** | 15. Date Report Delivered **09-13-2023** | 16. Time Report Delivered **0741 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: 3808150

Reg#: 73257-019

Dept. of Justice / Federal Bureau of Prisons MURAINA, BAMIDELE

| Institution: MILAN FCI | Incident Report Number: 3808150 | |
|---|---|---|
| NAME OF INMATE: MURAINA, BAMIDELE | REG.NO.: 73257-019 | UNIT: 7 LCP |
| Date of Incident Report: 08-07-2023 | Offense Code(s): 108 | |
| Date of Incident: 08-07-2023 | | |

Summary of Charges:

108 -- POSSESSING A HAZARDOUS TOOL.

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on 09-13-2023 at 0741 hrs (by staff member). A.Corsi

B. The DHO Hearing was held on 11-03-2023 at 0804 hrs

C. The inmate was advised of the rights before the DHO by (staff member): Dew on 09-13-2023

and a copy of the advisement of rights form is attached.

D. Delay in Process Referral to FBI/AUSA

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative: [Yes] X [No] _

B. Inmate requested staff representative and NA appeared.

C. Staff Representative's Statement:
NA

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
NA

E. Staff representative NA was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ( ) admits ( X ) denies the charge(s).

B. Summary of Inmate Statement:
I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office. Then 30 seconds to SHU and in SHU for over 32 days.



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: 3808150
Reg#: 73257-019
Dept. of Justice / Federal Bureau of Prisons MURAINA, BAMIDELE

C. Witnesses

1. The inmate waived right to witnesses. [Yes] X [No] _

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
**NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
**NA**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
**NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
**Incident Report -- (BP-A288)**
**Incident Report - Chain of Custody, Contraband -- (BOP-IRCCC)**
**Incident Report - Photographs -- (BOP-IRPHO)**
**Incident Report - FBI Declination Notification -- (BOP-IRFBI)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
**NA**

IV. FINDINGS OF THE DHO

X A. The act was committed as charged.
_ B. The following act was committed: ______
_ C. No prohibited act was committed: Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

The DHO advised you of your rights before the Discipline Hearing Officer and you stated you understood those rights. You confirmed you did not request a staff representative. You requested no witnesses and presented no documentary evidence on your behalf.

The DHO reviewed your rights and noted this disciplinary infraction was served on September 13, 2023, beyond the ordinary twenty-four (24) hour time frame as the report was reviewed for possible prosecution. The UDC hearing was conducted within the ordinary five (5) daytime frame. The DHO could find no way in which this delay hindered your ability to present a defense. The DHO noted you did not raise any concerns with the delays.

The inmate appeared before the DHO and acknowledged receipt of the incident report. He stated that he did not have any issues with the discipline process to this point. The DHO



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: 3808150
Reg#: 73257-019
Dept. of Justice / Federal Bureau of Prisons MURAINA, BAMIDELE

finds you committed the prohibited act of Code 108, Possession of a Hazardous Tool (Cellular device).

The DHO basis this finding on the reporting officers statements in Section 11 of the incident report which states, "On August 7th, 2023, at approximately 11:25 A.M., while working as Compound 2; I conducted a random round in A-unit. While conducting this round I noticed Inmate Muraina, Bamidele Reg. No. 73257-019 sitting on his bunk in cell A05-202L with his locker door open covering his hands. I stepped into the cell and found inmate Muraina holding a Motorola smart phone. He willingly surrendered the phone when I instructed him to hand it over. Only identifiable number for the cell phone was on the SIM card: TF256PSIMV97N".

The DHO considered that cellular telephones are considered sensitive equipment. Cellular telephones are a hazardous tool. The action on the part of any inmate to possess a hazardous tool, (Cellular phone/charger) in any correctional institution seriously jeopardizes the security of the institution and poses a threat to the ability of staff to provide for the safety and security for staff, inmates and the general public as a whole. Possessing a cellular phone gives an inmate an opportunity to make completely unmonitored calls. These calls can contain threats to the general public or plans for an escape attempt or planning or participating in other illegal activity.

The DHO considered photographic evidence which reaffirms the reporting officers' statements in section 11 of the incident report as to the Motorola smart phone discovered on your person on August 7, 2023. Photographs one and two are of the Motorola smart phone. Photographs three and four are of the SIM cards with the identifying number TF256PSIMV97N.

The DHO considered a chain of custody dated August 7, 2023, 2023, which lists you as the suspect, and the item as Blue Motorola smart phone. SIM card #8914800000884807999, TF256PSIMV97N.

Upon your confinement to any Bureau of Prisons (BOP) facility, you participate in Admissions and Orientations (A&O), wherein you were advised of BOP rules and regulations and your responsibility to abide by these rules. You are also provided an A&O handbook, which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

The DHO noted during the investigative process you stated to the investigator, "No comment".

The DHO noted during the UDC, you stated, "No comment".

During the DHO hearing you self-admitted the charge by stating, "I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office. Then 30 seconds to SHU and in SHU for over 32 days".

The DHO considered your statement and denial to the charge against you but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. The DHO finds the staff member s statements and observations are more credible and believable than yours. The DHO finds no evidence, nor did you provide evidence, to indicate the staff member conspired to falsely accuse you of this misconduct. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, four photographs of the contraband, chain of custody and your lack of defense before the IDC chair and investigating Lieutenant.

Therefore, based on the greater weight of evidence, it was determined that you committed the prohibited act of Possession of a Hazardous Tool, Code 108. Evidence used included section 11 of the incident report, four photographs of the contraband, chain of custody and



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: 3808150
Reg#: 73257-019
Dept. of Justice / Federal Bureau of Prisons MURAINA, BAMIDELE

your lack of defense before the IDC chair and investigating Lieutenant.

VI. SANCTION OR ACTION TAKEN

108 (FREQ 1) - DIS GCT 41 DAYS, 108 (FREQ 1) - LP COMM 90 DAYS, 108 (FREQ 1) - LP MPLAYER 90 DAYS, 108 (FREQ 1) - LP PHONE 180 DAYS, 108 (FREQ 1) - LP TABLET 90 DAYS, 108 (FREQ 1) - MON FINE 50 DOLLARS

VII. REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate manufacture, possess, or introduce into the institution, a tool or piece of equipment which may be used in an escape or escape attempt, poses a serious threat to the orderly operation and security of the institution, as well as to the health, safety and welfare of not only himself, but to all other inmates and staff. Past escape attempts involving these types of items have resulted in serious injuries, as well as deaths, to both inmates and staff which cannot and will not be tolerated. Inmates with an intention to escape have proven to be dangerous. They are also attempting to break the law in their endeavor. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction of disallowance of good conduct time (DGCT) was imposed to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA) and to emphasize the seriousness of the offense.

The sanctions for loss of phone, ~~email,~~ commissary and visiting privileges were imposed to enforce the standard that inmates be held accountable for their actions but were as the DHO believes the sanctions will provide sufficient deterrence of future misconduct.

The sanction of the monetary fine was imposed to emphasize the seriousness of the offense, to enforce the standard that inmates be held accountable for their actions, and to deter similar future misconduct and was based on your account balance of $132.98, on the date of the DHO hearing.



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: 3808150

Dept. of Justice / Federal Bureau of Prisons Reg#: 73257-019

MURAINA, BAMIDELE

VIII. APPEAL RIGHTS: X The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| E. KELLER | E. KELLER | 11-24-2023 |

DHO Report Delivered to Inmate by:

| J. Love | [signature] | 11/30/23 0737 |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number: 1183612-R2**

This is in response to your Regional Administrative Remedy Appeal received on January 8, 2024, regarding the decision of the Discipline Hearing Officer (DHO). You were found to have committed the prohibited act Code #108, Possession of a Hazardous Tool, (cellphone). You appeal this decision stating you did not have a cellphone in your hand, it was a tablet. You state there was no serial number provided regarding the cellphone, claiming this violated your due process rights. You question the timeline of the FBI (Federal Bureau of Investigation) referral pertaining to the delivery of the incident report. You further state you did not "self-admit" guilt to the charge and claim the DHO did not show you the pictures of the alleged phone. You request the incident report be expunged and the sanctions be lifted.

An administrative error was noted in your DHO report regarding your statement to the DHO. The DHO report has been corrected and a copy is attached for your records. If you disagree with the amendment, you may include this in your appeal to the next level.

A review of the disciplinary action indicated you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advance written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity for staff representation and to call witnesses. You were offered the chance to be present at your hearing, make a statement to the DHO, and present documentary evidence on your behalf.

Upon review, the delay in the delivery of the incident report is appropriately documented by the SIS (Special Investigative Services) Department. There is no evidence that you requested to see the photographs during your DHO hearing. The incident report sufficiently addressed the information available pertaining to the cellphone. Therefore, your allegations are found to be without merit.

The Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make the decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. The DHO found you guilty based on the greater weight of the evidence. Evidence weighed against you consisted of the eyewitness account of the reporting officer, photographs, FBI declination, and Chain of Custody form. This evidence coupled by your decision not to present credible or verifiable exculpatory evidence, which may have exonerated you from the charge, reasonably led the DHO to make a guilty finding.

The DHO report clearly indicates the basis for finding you committed the prohibited act and explains the purpose of imposing the sanctions. There is sufficient evidence to support you committed the prohibited act as charged as you are responsible for all items found within your assigned cell. Staff conducted a search of your cell and located a cellphone. The discipline process was conducted in accordance with Program Statement 5270.09, and the sanctions imposed are appropriate.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2/7/2024
Date

[signature]
Andre Matevousian, Regional Director



Oluraina Bamidele
73257-019
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Retail

48226

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
MILAN, MI 48160
APR 10, 2024

$0.00

R2305K136183-46

U.S. MARSHALS

Office Of The Clerk
231 W. Lafayette Blvd., 5th Floor
Detroit, MI 48226

9589 0710 5270 0756 3456 05

