United States District Court
Eastern District of Michigan
Southern Division

Bamidele Muraina, #73257-019,

    Petitioner,                             Case No. 24-10977

    -vs-

                                             Honorable Sean F. Cox
Warden E. Rardin,                     Mag. Judge Curtis Ivy, Jr.

    Respondent.

## Response to Petition for Writ of Habeas Corpus

Bamidele Muraina's guilt in possessing a cell phone was supported by the evidence, the short delay in delivering the incident report is not grounds for habeas relief and did not hinder his defense, and his due process rights were not violated. Relief should be denied.

                                              Respectfully submitted,

                                              Dawn N. Ison
                                              United States Attorney

                                              s/ *Jessica V. Currie*
                                              Jessica V. Currie
                                              Assistant United States Attorney
                                              211 West Fort Street, Ste. 2001
                                              Detroit, MI 48226
                                              (313) 226-9531
Dated: June 25, 2024              jessica.currie@usdoj.gov

United States District Court
Eastern District of Michigan
Southern Division

Bamidele Muraina, #73257-019,

    Petitioner,                       Case No. 24-10977

    -vs-

                                          Honorable Sean F. Cox
Warden E. Rardin,                 Mag. Judge Curtis Ivy, Jr.

    Respondent.

## Brief in Response to Petition for Writ of Habeas Corpus

## Issue

Should Muraina's petition be denied because there was evidence to support his guilt in committing the prohibited act of possessing a cell phone, the short delay in delivering the incident report to him is not grounds for relief and did not hinder his defense, and his due process rights were not violated at the discipline hearing?

## Controlling or Most Appropriate Authority

*Superintendent v. Hill*, 472 U.S. 445 (1985)

*Williams v. Bass*, 63 F.3d 483 (6th Cir. 1995)

*Ogunlana v. Hemingway*, No. 21-cv-13060, 2022 WL 435946 (E.D. Mich. Sept. 20, 2022)

*Wolff v. McDonnell*, 418 U.S. 539 (1974)

## Facts

Muraina is serving a 70-month sentence for theft of government funds and aggravated identity theft. (Exhibit 1 – Keller Decl., ¶ 5, Att. 2, Sentence Computation). Muraina is currently housed at FCI Milan. (*Id.*, Att. 1, Inmate History). His projected release date is December 28, 2024. (*Id.*, Att. 2, Sentence Computation).

On August 7, 2023, at about 11:25 a.m., a corrections officer saw Muraina sitting on his bunk holding a Motorola smart phone, which he voluntarily surrendered. (*Id.*, ¶ 8, Att. 3, Inmate Discipline Data, and Att. 4, DHO Report). An incident report charging Muraina with possessing a hazardous tool (a cell phone) was prepared less than two hours later. (*Id.*, ¶ 8).

Because it appeared likely that the incident may be appropriate for criminal prosecution, the investigation was suspended for referral to the FBI and the U.S. Attorney's Office. (*Id.*, ¶ 9). Once referred, an investigation cannot resume until the FBI or other investigative agency releases the incident report for administrative processing. (*Id.*). Inmates will usually receive their incident report within 24 hours of staff becoming aware of the incident or, in the event of a referral for potential

prosecution (as here), by the end of the next business day after the FBI or other investigative agency releases it. (*Id.*).

Here, the incident report was released by the FBI on September 8, 2023. (*Id.*). At the time, however, the investigating officer at FCI Milan was out of the office for training and was not aware that the incident report had been released until he returned a few days later, on September 12. (*Id.*). Muraina was served with a copy of the incident report the very next morning, September 13. (*Id.*, ¶ 9, Att. 4, DHO Report, 7).

Muraina's hearing before a Discipline Hearing Officer (DHO) was held on November 3, and Muraina received written notice of the charge against him more than 24 hours in advance of that hearing. (*Id.*, ¶ 10, Att. 4, DHO Report, 15). At the hearing, the DHO reviewed Muraina's due process rights, and Muraina stated that he understood them. (*Id.*, Att. 4, DHO Report, 16). Muraina also waived his right to have representation, waived his right to call any witnesses, and presented no documentary evidence. (*Id.*). The DHO noted that Muraina's incident report was delivered beyond the ordinary 24-hour timeframe because it was referred for possible prosecution. (*Id.*, ¶ 9, Att. 4, DHO Report, 15).

2

But Muraina did not voice any concerns about delay. (*Id.*, Att. 4, DHO Report, 16). Instead, he disputed the charge, claiming that he "was not caught with a phone" but rather a tablet. (*Id.*, Att. 4, DHO Report, 15).

The DHO found based on the greater weight of the evidence that Muraina committed the act charged, and appropriate disciplinary sanctions were imposed. (*Id.*, ¶¶ 10–12). The evidence relied on for the DHO's finding included "the eyewitness account of the reporting officer, photographic evidence, FBI declination, and Chain of Custody form." (*Id.*, ¶ 12). There was also "no credible or verifiable exculpatory evidence." (*Id.*). Among other sanctions, Muraina lost 41 days of good conduct time. (*Id.*, Att. 4, DHO Report, 18).

Muraina now seeks habeas corpus relief. (ECF No. 4-1, PageID.31–39). He complains that the evidence was not sufficient to support the DHO's finding of guilt, that the incident report was delivered to him two days later than it was supposed to be delivered, and that his due process rights were violated at the hearing. (*Id.*, PageID.36–38). He asks this Court to lift all sanctions, including the loss of good conduct time, and to expunge the incident from his record. (*Id.*, PageID.38).

3

## Argument

### A. The evidence supported the DHO's finding of Muraina's guilt.

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that a disciplinary finding that results in the loss of good conduct time need only be supported by "some evidence," and the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 454–56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.*, 472 U.S. at 456. The loss of good conduct time "is not comparable to a criminal conviction," so the evidentiary burden is far lower. *Id.* In short, "not much evidence is required." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995).

*Hill* is instructive. There, an officer came upon an injured inmate named Stephens, who appeared to have been assaulted, and three other inmates were seen jogging away. *Hill*, 472 U.S. at 447. From this evidence, the officer concluded that the three inmates had assaulted Stephens as a group, and the disciplinary board found them guilty. *Id.* at 448. The Supreme Court upheld that finding even though two of the

4

inmates declared their innocence and Stephens gave written statements that the other inmates had not caused his injuries. *Id.* at 448, 456–57. The Court explained: "Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of the three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457.

Here, there is far more than "some evidence" to support the DHO's finding of guilt. As stated in the DHO's sworn declaration, the evidence she considered "consisted of the eyewitness account of the reporting officer, photographic evidence, FBI declination, and Chain of Custody form." (Exhibit 1 – Keller Decl., ¶ 12). That evidence is included as Attachment 4 to the DHO's declaration. (*Id.*, Att. 4, DHO Report). "This evidence, coupled with no credible or verifiable exculpatory evidence, reasonably led [the DHO] to make a guilty finding." (*Id.*, ¶ 12). Muraina maintains that he was holding a tablet, not a cellphone, and that the evidence to the contrary was insufficient and unreliable. (ECF No. 4-1, PageID.36–37). But those conclusory claims do not warrant relief where, as here, "some evidence" supports the finding of guilt.

5

B. **The short delay in delivering the incident report to Muraina is not a basis for habeas corpus relief and did not hinder his defense.**

Next, Muraina seeks relief because, following the FBI's release of the matter for administrative processing, the incident report was delivered to him two days later than it should have been under the applicable Program Statement. (ECF No. 4-1, PageID.37). Muraina is referring to Program Statement 5270.09, which provides that, when "the FBI or other investigative agency releases the incident report for administrative processing," "[t]he incident report should then be delivered to the inmate by the end of the next business day." (*See* Exhibit 1 – Keller Decl., ¶ 9).

Here, the FBI released Muraina's report on September 8, 2023, which was a Friday. Under the Program Statement, the report should have been delivered to Muraina by the end of the next business day, which was Monday, September 11. But because the investigating officer was away at training, he did not become aware of the FBI's release of the report until Tuesday, September 12, and he promptly delivered the incident report to Muraina early the next morning, September 13. This short delay was properly documented by the investigating officer with an accompanying explanation. And although the delivery occurred two

6

days later than it should have, Muraina "raised no issue about the delay during the discipline process and did not provide any evidence that the delay hindered his ability to prepare his defense." (Exhibit 1 – Keller Decl., ¶ 9).

Muraina's allegation now—that the delay "violated [his] due process right to adequately prepare a defense"—is conclusory. (ECF No. 4-1, PageID.37). He does not explain what he would have done in those two extra days that he could not have done in the 51 days between when he received the incident report on September 13 and when his disciplinary hearing was held on November 3. *See Ogunlana v. Hemingway*, No. 21-cv-13060, 2022 WL 435946, at *3 (E.D. Mich. Sept. 20, 2022) (rejecting conclusory allegation of prejudice where the petitioner offered "no persuasive argument as to why any delay in the proceedings prejudiced his ability to respond to these allegations").

Moreover, an allegation that the Bureau of Prisons failed to follow its own Program Statement is not a permissible basis for habeas relief. Failure to comply "is not a violation of federal law, in that such Program Statements are not mandated by statute or the federal constitution." *Miller v. Terris*, 2:13-cv-12635, 2013 WL 6801157, at *3

7

(E.D. Mich. Dec. 23, 2013) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)). Accordingly, relief should be denied.

## C. Muraina's due process rights were not violated at the disciplinary hearing.

Finally, Muraina complains that he was not shown pictures of the cell phone and SIM card that the DHO had with her at the hearing, and she only provided the serial number for the SIM card because she did not have the serial number for the cell phone. (ECF No. 4-1, PageID.38). He claims that this amounted to a violation of his due process rights. (*Id.*, PagID.37).

According to the DHO's sworn declaration, however, her practice is to "present most evidence to the inmate during a discipline hearing," and she followed that practice "during [Muraina's] hearing." (Exhibit 1 – Keller Decl., ¶ 11). In any event, Bureau of Prisons policy "does not confer on the inmate a right to a review of all evidence." (*Id.*). And the evidence is all included in Att. 4 to the DHO's sworn declaration.

Indeed, with respect to the revocation of good conduct time credits for serious misbehavior, it is sufficient for due process that the inmate (1) receive advance written notice of the charges and at least 24 hours to prepare for a hearing, (2) have an opportunity, when consistent with

8

institutional safety and correctional goals, to call witnesses and present documentary evidence in their defense, and (3) be given a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974); *Wilkinson v. Austin*, 545 U.S. 209, 228 (2005).

    Those requirements were met here. "[Muraina] was given advance written notice of the charge against him more than 24 hours prior to his appearance before the DHO." (Exhibit 1 – Keller Decl., ¶ 10). He was also "afforded the opportunity . . . to call witnesses" and "present documentary evidence on his behalf." (*Id.*, ¶ 10, Att. 4, DHO Report, 16). Finally, he received a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. (*Id.*, Att. 4, DHO Report, 19).

## Conclusion

For all these reasons, Muraina is not entitled to habeas corpus relief, and this Court should deny his petition.

                Respectfully submitted,

                Dawn N. Ison
                United States Attorney

                s/ *Jessica V. Currie*
                Jessica V. Currie
                Assistant United States Attorney
                211 West Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-9531
                jessica.currie@usdoj.gov

Dated: June 25, 2024

## Certificate of Service

I certify that on June 25, 2024, I electronically filed the attached pleading with the Clerk of the Court using the ECF system and that I caused it to be mailed by United States Postal Service the following non-ECF participant:

Bamidele Muraina
Inmate # 73257-019
FCI Milan
P.O. Box 1000
Milan, MI  48160

                                                  s/ *Jessica V. Currie*
                                                  Jessica V. Currie
                                                  Assistant United States Attorney