UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BAMIDELE MURAINA,                          )
                                           )
                    Petitioner,            )
                                           )
        v.                                 )      Cause No. 2:24-cv-10977-SFC-CI
                                           )
WARDIN E. RARDIN,                          )
                                           )
                    Respondent.            )

**<u>DECLARATION OF EVELYN KELLER</u>**

I, Evelyn Keller, do hereby declare and state as follows:

1.      I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice, as a Discipline Hearing Officer (DHO). I began employment with the BOP in February, 2008, and have been a DHO since April, 2019.

2.      As part of my duties and responsibilities, I have access to records maintained by the BOP in the ordinary course of business. I certify the attachments referenced herein are true and correct copies of records kept in the ordinary course of business of the BOP. This declaration is based upon my personal knowledge derived from my review of the disciplinary records for the Petitioner.

3.      I am duly trained and certified as a DHO by the BOP in accordance with Program Statement 5270.09, Inmate Discipline Program (P.S. 5270.09) dated July 8, 2011.[1] I have received specialized DHO training and passed the Inmate Discipline Certification Test as required by Paragraph 1, Chapter 7, P.S. 5270.09, and am certified as a DHO.

---

[1] Full copies of program statements are available at *www.bop.gov*.

1

4.      As a DHO, I am responsible for conducting hearings on acts of misconduct by inmates who are referred to me by their Unit Discipline Committee (UDC).  During the administrative hearings, I review disciplinary reports, determine any witnesses who may need to be called in addition to those requested by the inmate, take and record testimony relevant to the charges, obtain, review and weigh evidence, and determine whether or not the allegations of misconduct are supported by the evidence.  *See* 28 C.F.R. § 541.16, *Establishment and Functioning of Discipline Hearing Officer.*

5.       Bamidele Muraina, Register No. 73257-019 (Petitioner), is a federal inmate currently designated to FCI Milan.  *See Attachment 1, Inmate History - Quarters*.  He is currently serving a 70-month sentence imposed by the United States District Court for the Northern District of Georgia, to be followed by a 3-year term of Supervised Release.  Petitioner has a projected release date of December 28, 2024, via First Step Act Release, and a Full Term release date of May 1, 2026.  *See Attachment 2, SENTRY Sentence Monitoring Computation Data*.

6.      Petitioner has filed the instant petition for writ of habeas corpus wherein he alleges he should not have lost Good Conduct Time because he was not shown the physical evidence and the incident report was delivered to him late.  The resulting DHO sanction imposed included a 41-day disallowance of Good Conduct Time.  *See Attachment 3, Inmate Discipline Data, and Attachment 4, DHO Report #3808150 at 3 & 18.*  Petitioner has exhausted administrative remedies.

7.      P.S. 5270.09, *Inmate Discipline Program,* requires the following procedural safeguards in connection with disciplinary hearings:  the inmate shall be given advance written notice of the charge(s) against him no less than 24 hours before the inmate's appearance before the DHO unless the inmate is to be released from custody within that time; the Warden shall provide the inmate with the service of a staff member to represent the inmate at the hearing before

2

the DHO should the inmate so desire; the inmate is entitled to make a statement and to present documentary evidence on his own behalf; an inmate has the right to be present throughout the DHO hearing except during a period of deliberation or when institutional security would be jeopardized; the DHO may refer the case back to the UDC for further information or disposition; the DHO shall consider all evidence presented at the hearing; and, the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, the decision must be based on the greater weight of the evidence. *See* 28 C.F.R. §541.8, *Discipline Hearing Officer (DHO) Hearing.*

8.      On August 7, 2023, at approximately 12:46 pm, Incident Report #3808150 was prepared by Officer Dunning, charging Petitioner with a Code 108, Possessing a Hazardous Tool. According to the incident report, staff became aware of the incident at approximately 11:25 am on August 7, 2023. *See Attachment 3, Inmate Discipline Data, and Attachment 4, DHO Report #3808150 at 1-3.*

9.      The incident report was subsequently suspended for referral to the Federal Bureau of Investigation / U.S. Attorney's Office (USAO) to consider for prosecution in accordance with P.S. 5270.09, *Inmate Discipline Program,* and P.S. 1350.01, *Criminal Matter Referrals.* Inmates "ordinarily receive the incident report within 24 hours of staff becoming aware of [their] involvement in the incident." *See* 28 C.F.R. §541.5 and P.S. 5270.09, *Inmate Discipline Program.* But where, as here, "it appears likely that the incident may involve criminal prosecution," the disciplinary process is suspended "until the FBI or other investigative agency releases the incident report for administrative processing." *See* P.S. 5270.09, *Inmate Discipline Program, and* P.S. 1350.01, *Criminal Matter Referrals.* Staff may not conduct the investigation until the incident report is released for administrative processing. After release, the incident report should then be

delivered to the inmate by the end of the next business day. In this case, the incident report was released for administrative processing on September 8, 2023. However, the FCI Milan SIS technician was out of the office for training at that time and was not able to be aware the incident report had been released until he returned to the office on September 12, 2023. *See Attachment 4, DHO Report #3808150 at 7.* Petitioner was subsequently served with a copy of the incident report on September 13, 2023, at 7:41 am, which is within the required next business day timeframe. *See* P.S. 5270.09, *Inmate Discipline Program, at 19* and *Attachment 4, DHO Report #3808150 at 1-2, 6 and 15-16.* The incident report was written and processed in accordance with policy. The delay in the delivery of the incident report was appropriately documented by the Special Investigation Services (SIS) department. He raised no issue about the delay during the discipline process and did not provide any evidence that the delay hindered his ability to prepare his defense.

10.     On November 3, 2023, I conducted a Discipline Hearing for Incident Report #3808150. At that hearing, I found that Petitioner had committed the Code 108 prohibited act, and appropriate disciplinary sanctions were imposed. Petitioner was afforded appropriate due process at the DHO hearing. He was given advance written notice of the charge against him more than 24 hours prior to his appearance before the DHO. He was afforded the opportunity for staff representation and to call witnesses. He was offered the chance to be present at the hearing, make a statement to the DHO, and present documentary evidence on his behalf. *See Attachment 4, DHO Report #3808150,*

11.     BOP policy specifically states inmates may present evidence, but does not confer on the inmate a right to a review of all evidence. Nonetheless, when requested, I present most evidence to the inmate during a discipline hearing, which I did during the Petitioner's hearing. BOP Policy directs the DHO to consider all evidence presented at the hearing and to make the

4

decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. *See* 28 C.F.R. § 541.16, *Establishment and Functioning of Discipline Hearing Officer and* P.S. 5270.09, *Inmate Discipline Program.*

12.     I found Petitioner guilty based on the greater weight of the evidence. Evidence weighted against him consisted of the eyewitness account of the reporting officer, photographic evidence, FBI declination, and Chain of Custody form. This evidence, coupled with no credible or verifiable exculpatory evidence, reasonably led me to make a guilty finding. My report clearly indicated the basis for the finding that Petitioner committed the prohibited act and explains the purpose of imposing the sanctions within policy. Petitioner's due process rights were upheld during the discipline process. Sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy. *See Attachment 4, DHO Report #3808150*

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this __18__ day of June, 2024.

Evelyn Keller, Discipline Hearing Officer
Federal Bureau of Prisons

```
 MILBU  531.01 *              INMATE HISTORY            *    06-14-2024
PAGE 001 OF 001 *              QUARTERS                 *    13:35:56


  REG NO..: 73257-019 NAME....: MURAINA, BAMIDELE
  CATEGORY: QTR        FUNCTION: PRT        FORMAT:


FCL    ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
MIL    B15-025L   HOUSE B/RANGE 15/BED 025L     09-27-2023 1342 CURRENT
MIL    B15-025L   HOUSE B/RANGE 15/BED 025L     09-17-2023 1528 09-27-2023 1154
MIL    Z02-213LAD HOUSE Z/RANGE 02/BED 213L AD  09-10-2023 1153 09-17-2023 1528
MIL    Z02-211LAD HOUSE Z/RANGE 02/BED 211L AD  09-10-2023 0937 09-10-2023 1153
MIL    Z02-212LAD HOUSE Z/RANGE 02/BED 212L AD  08-22-2023 1225 09-10-2023 0937
MIL    Z02-202LAD HOUSE Z/RANGE 02/BED 202L AD  08-11-2023 1217 08-22-2023 1225
MIL    Z01-110LAD HOUSE Z/RANGE 01/BED 110L AD  08-09-2023 1402 08-11-2023 1217
MIL    Z03-318LAD HOUSE Z/RANGE 03/BED 318L AD  08-07-2023 1142 08-09-2023 1402
MIL    A05-202L   HOUSE A/RANGE 05/BED 202L     06-28-2023 1625 08-07-2023 1142
MIL    A04-111L   HOUSE A/RANGE 04/BED 111L     05-09-2023 1654 06-28-2023 1625
MIL    R01-001L   HOUSE R/RANGE 01/BED 001L     05-09-2023 1210 05-09-2023 1654
OKL    C05-321U   HOUSE C/RANGE 05/BED 321U     05-05-2023 1320 05-09-2023 0730
OKL    C05-312U   HOUSE C/RANGE 05/BED 312U     05-01-2023 1755 05-05-2023 1320
OKL    C05-901L   HOUSE C/RANGE 05/BED 901L     05-01-2023 1435 05-01-2023 1755
ALF    G07-461L   HOUSE G/RANGE 07/BED 461L     10-06-2022 1800 05-01-2023 0655
ALF    G08-552L   HOUSE G/RANGE 08/BED 552L     08-02-2022 1800 10-06-2022 1800
ALF    G07-361L   HOUSE G/RANGE 07/BED 361L     11-15-2021 1007 08-02-2022 1800
ALF    R01-001L   HOUSE R/RANGE 01/BED 001L     11-15-2021 0706 11-15-2021 1007
ALP    R01-001L   HOUSE R/RANGE 01/BED 001L     11-15-2021 0344 11-15-2021 0554
ALP    A02-214U   HOUSE A/RANGE 02/BED 214U     11-04-2021 1808 11-15-2021 0344
ALP    R01-001L   HOUSE R/RANGE 01/BED 001L     11-04-2021 1608 11-04-2021 1808
ATL    J02-257L   HOUSE J/RANGE 02/BED 257L     10-04-2021 1633 10-12-2021 1300
ATL    J02-257L   HOUSE J/RANGE 02/BED 257L     09-22-2021 1355 10-04-2021 1630
ATL    J02-251L   HOUSE J/RANGE 02/BED 251L     09-10-2021 1230 09-22-2021 1355
ATL    B04-430L   HOUSE B/RANGE 04/BED 430L     09-09-2021 1741 09-10-2021 1230
ATL    R01-001L   HOUSE R/RANGE 01/BED 001L     09-09-2021 1705 09-09-2021 1741


G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

Att. 1

```
MILBU  540*23 *              SENTENCE MONITORING          *      06-14-2024
PAGE 001         *              COMPUTATION DATA            *      13:35:25
                               AS OF 06-14-2024


REGNO..: 73257-019 NAME: MURAINA, BAMIDELE


FBI NO..........: 909352JF6        DATE OF BIRTH:       1986 AGE:  37
ARS1............: MIL/A-DES
UNIT............: 2 GP             QUARTERS.....: B15-025L
DETAINERS.......: YES             NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.


HOME DETENTION ELIGIBILITY DATE....: 06-27-2024


FINAL STATUTORY RELEASE FOR INMATE.: 11-03-2025 VIA GCT REL
            WITH APPLIED FSA CREDITS.:   310  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-28-2024 VIA FSA REL



                  RELEASE AUDIT COMPLETED ON 02-08-2024 BY DSCC
----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION..........: GEORGIA, NORTHERN
DOCKET NUMBER..................: 1:20-CR-00284-01-WMR
JUDGE..........................: RAY
DATE SENTENCED/PROBATION IMPOSED: 08-31-2021
DATE COMMITTED.................: 11-15-2021
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00       $00.00


RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $561,125.62

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  261     18:2112-33 THEFT GOVT SCRTY
OFF/CHG: 18:641 AND 2 PUBLIC MONEY, PROPERTY OR RECORDS CT.35

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   46 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 01-29-2018




 G0002       MORE PAGES TO FOLLOW . . .
```

Att. 2

```
 MILBU  540*23 *            SENTENCE MONITORING          *     06-14-2024
PAGE 002         *          COMPUTATION DATA             *     13:35:25
                            AS OF 06-14-2024


REGNO..: 73257-019 NAME: MURAINA, BAMIDELE



------------------------CURRENT OBLIGATION NO: 020 ------------------------
OFFENSE CODE....:  160     18:1028 FRAUD IDENTITY THEFT
OFF/CHG: 18:1028A AND 2 FRAUD WITH IDENTIFICATION DOCUMENTS CT.39

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
  TERM OF SUPERVISION............:    1 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO 010 010 010
  DATE OF OFFENSE................: 01-29-2018

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-04-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-16-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 08-31-2021
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   70 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS      10 MONTHS
AGGREGATED TERM OF SUPERVISION..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 01-29-2018

JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                    06-24-2018   06-26-2018
                                    07-14-2019   07-16-2019
                                    07-08-2020   08-30-2021












G0002      MORE PAGES TO FOLLOW . . .
```

Att. 2

```
MILBU  540*23 *           SENTENCE MONITORING            *        06-14-2024
PAGE 003        *           COMPUTATION DATA             *        13:35:25
                           AS OF 06-14-2024


REGNO..: 73257-019 NAME: MURAINA, BAMIDELE


TOTAL PRIOR CREDIT TIME.........: 425
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 179
TOTAL GCT EARNED................: 68
STATUTORY RELEASE DATE PROJECTED: 11-03-2025
ELDERLY OFFENDER TWO THIRDS DATE: 05-22-2024
EXPIRATION FULL TERM DATE.......: 05-01-2026
TIME SERVED....................:     3 YEARS     11 MONTHS     13 DAYS
PERCENTAGE OF FULL TERM SERVED..:  67.7
PERCENT OF STATUTORY TERM SERVED:  74.0


PROJECTED SATISFACTION DATE.....: 12-28-2024
PROJECTED SATISFACTION METHOD...: FSA REL
     WITH FSA CREDITS INCLUDED...: 310


REMARKS.......: 02-16-22:DGCT K/SAG; 11-04-23 UPDT DIS R/JRJ;




G0002      MORE PAGES TO FOLLOW . . .
```

```
 MILBU  540*23 *          SENTENCE MONITORING            *     06-14-2024
PAGE 004 OF 004 *           COMPUTATION DATA             *     13:35:25
                           AS OF 06-14-2024


REGNO..: 73257-019 NAME: MURAINA, BAMIDELE


----------------------------- CURRENT DETAINERS: -----------------------------

DETAINER NO..: 001
DATE LODGED..: 05-22-2023
AGENCY.......: IMMIGRATION & CUSTOMS ENFORCE
AUTHORITY....: ICE ERO ALLENWOO SUB OFFICE (570)547-6903
CHARGES......: PENDING REMOVAL PORCEEDINGS AGAINST THE ALIEN
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

Att. 2

```
  MILBU            *      INMATE DISCIPLINE DATA          *      06-13-2024
PAGE 001           *   CHRONOLOGICAL DISCIPLINARY RECORD  *      15:03:22


REGISTER NO: 73257-019 NAME..: MURAINA, BAMIDELE
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 06-13-2024

--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3808150 - SANCTIONED INCIDENT DATE/TIME: 08-07-2023 1125
DHO HEARING DATE/TIME: 11-03-2023 0804            DHO REPT DEL: 11-30-2023 0737
FACL/CHAIRPERSON.....: MIL/E. KELLER
APPEAL CASE NUMBER(S): 1184254, 1183612
REPORT REMARKS.......: INMATE DENIED BEING IN POSSESSION OF A CELL PHONE/
                       STATED HE HAD HIS TABLET/ BASED ON GWOE
    108  POSSESSING A HAZARDOUS TOOL - FREQ: 1 ATI: EYC RFP: D
         DIS GCT    / 41 DAYS / CS
         COMP:010 LAW:P  IN ACCORDANCE WITH PLRA SENTENCING GUIDELINES
         LP COMM    / 90 DAYS / CS
                    FROM: 11-03-2023  THRU: 01-31-2024
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIORS
         LP MPLAYER / 90 DAYS / CS
                    FROM: 11-03-2023  THRU: 01-31-2024
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIORS
         LP PHONE   / 180 DAYS / CS
                    FROM: 11-03-2023  THRU: 04-30-2024
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIORS
         LP TABLET  / 90 DAYS / CS
                    FROM: 11-03-2023  THRU: 01-31-2024
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIORS
         MON FINE   / 50.00 DOLLARS / CS
         COMP:    LAW:   TO DETER FUTURE LIKE BEHAVIORS
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3827603 - SANCTIONED INCIDENT DATE/TIME: 09-17-2023 1935
UDC HEARING DATE/TIME: 09-20-2023 1701
FACL/UDC/CHAIRPERSON.: MIL/7 LCP/DEW
REPORT REMARKS.......: FOUND GUILTY BASED ON THE GREATER WEIGHT OF THE EVIDENCE
                       .
    305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
         LP COMM    / 30 DAYS / CS
                    FROM: 09-20-2023  THRU: 10-19-2023
         COMP:    LAW:
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3589294 - SANCTIONED INCIDENT DATE/TIME: 01-23-2022 0806
DHO HEARING DATE/TIME: 02-15-2022 0905            DHO REPT DEL: 03-01-2022 0800
FACL/CHAIRPERSON.....: ALF/VEGH
APPEAL CASE NUMBER(S): 1114437
REPORT REMARKS.......: I/M NEITHER DENIED NOR ADMITTED TO CHARGE @ HEARING,
                       MAD NO FURTHER STATEMENT.  299ML296(TRULINCS)
    299  DISRUPTIVE CONDUCT-HIGH - FREQ: 2
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P   TO PUNISH MISCONDUCT




  G0002      MORE PAGES TO FOLLOW . . .
```

```
  MILBU          *      INMATE DISCIPLINE DATA           *     06-13-2024
 PAGE 002        *   CHRONOLOGICAL DISCIPLINARY RECORD   *     15:03:22


 REGISTER NO: 73257-019 NAME..: MURAINA, BAMIDELE
 FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 06-13-2024


 DHO HEARING DATE/TIME: 02-15-2022 0905 REPORT 3589294 CONTINUED
           DS       / 30 DAYS / CS / SUSPENDED 180 DAYS
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
                    30 DAYS DS SUSPENDED PENDING 6 MOS CLEAR CONDUCT
           FF NVGCT / 40 DAYS / CS
           COMP:010 LAW:P   TO PUNISH REPEATED MISCONDUCT
           LP COMM  / 6 MONTHS / CS
                    FROM: 05-15-2022  THRU: 11-14-2022
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
           MON FINE / 80.00 DOLLARS / CS
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
                    I/M SIGNED BP-199
 ----------------------------------------------------------------------------
 REPORT NUMBER/STATUS.: 3583895 - SANCTIONED INCIDENT DATE/TIME: 01-01-2022 1240
 DHO HEARING DATE/TIME: 02-15-2022 0900          DHO REPT DEL: 03-01-2022 0800
 FACL/CHAIRPERSON.....: ALF/VEGH
 REPORT REMARKS.......: I/M NEITHER DENIED NOR ADMITTED TO CHARGE @ HEARING,
                        WAS ATTEMPTING TO GET $$.  299ML296(TRULINCS)
    299  DISRUPTIVE CONDUCT-HIGH - FREQ: 2
           DIS GCT  / 27 DAYS / CS
           COMP:010 LAW:P   TO PUNISH MISCONDUCT
           LP EMAIL / 6 MONTHS / CS
                    FROM: 05-15-2022  THRU: 11-14-2022
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
           LP PHONE / 6 MONTHS / CS
                    FROM: 02-15-2022  THRU: 08-14-2022
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
 ----------------------------------------------------------------------------
 REPORT NUMBER/STATUS.: 3583637 - SANCTIONED INCIDENT DATE/TIME: 12-07-2021 1922
 DHO HEARING DATE/TIME: 02-15-2022 0855          DHO REPT DEL: 03-01-2022 0800
 FACL/CHAIRPERSON.....: ALF/VEGH
 REPORT REMARKS.......: I/M ADMITTED TO CHARGE @ HEARING, STATED HE DIDN'T KNOW
                        HE WASN'T ABLE TO DO IT
    299  DISRUPTIVE CONDUCT-HIGH - FREQ: 1
           DIS GCT  / 27 DAYS / CS
           COMP:010 LAW:P   TO PUNISH MISCONDUCT
           DS       / 30 DAYS / CS / SUSPENDED 180 DAYS
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
                    30 DAYS DS SUSPENDED PENDING 6 MOS CLEAR CONDUCT
           LP OTHER / 3 MONTHS / CS
                    FROM: 02-15-2022  THRU: 05-14-2022
           COMP:    LAW:   TO DETER FUTURE MISCONDUCT
                    3 MOS LOSS OF MP3 PLAYER




 G0002      MORE PAGES TO FOLLOW . . .
```

Att. 3

```
  MILBU           *        INMATE DISCIPLINE DATA        *      06-13-2024
PAGE 003 OF 003 *    CHRONOLOGICAL DISCIPLINARY RECORD   *      15:03:22


REGISTER NO: 73257-019 NAME..: MURAINA, BAMIDELE
FUNCTION...: PRT     FORMAT: CHRONO     LIMIT TO ___ MOS PRIOR TO 06-13-2024

DHO HEARING DATE/TIME: 02-15-2022 0855 REPORT 3583637 CONTINUED
   328  GIVING/ACCEPTNG MONEY W/O AUTH - FREQ: 1
         LP COMM    / 3 MONTHS / CS
                    FROM: 02-15-2022  THRU: 05-14-2022
         COMP:    LAW:    TO DETER FUTURE MISCONDUCT
         LP EMAIL   / 3 MONTHS / CS
                    FROM: 02-15-2022  THRU: 05-14-2022
         COMP:    LAW:    TO DETER FUTURE MISCONDUCT
```

```
  G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Att. 3



**BP-A0288**  **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

Part I - Incident Report

| 1. Institution: **MILAN FCI** | | Incident Report Number: **3808150** | |
|---|---|---|---|
| 2. Inmate's Name **MURAINA, BAMIDELE** | 3. Register Number **73257-019** | 4. Date of Incident **08-07-2023** | 5. Time **1125 hrs** |
| 6. Place of Incident **A-unit** | 7. Assignment **A ORD POOL** | 8. Unit **7 LCP** | |
| 9. Incident **108 -- POSSESSING A HAZARDOUS TOOL.** | | 10. Prohibited Act Code(s) **108** | |

11. Description Of Incident
(Date: **08-07-2023**   Time: **1125 hrs**   staff became aware of incident)

**On August 7th, 2023, at approximately 11:25 A.M., while working as Compound 2; I conducted a random round in A-unit. While conducting this round I noticed Inmate Muraina, Bamidele Reg. No. 73257-019 sitting on his bunk in cell A05-202L with his locker door open covering his hands. I stepped into the cell and found inmate Muraina holding a Motorola smart phone. He willingly surrendered the phone when I instructed him to hand it over.  Only identifiable number for the cell phone was on the SIM card: TF256PSIMV97N.**

| 12. Typed Name/Signature of Reporting Employee **Dustin Dunning** | | 13. Date And Time **08-07-2023 1246 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **A.Corsi** | | 15. Date Report Delivered **09-13-2023** | 16. Time Report Delivered **0741 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                   Replaces BP-S288.052

1

Att. 4

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **MURAINA, BAMIDELE** | **73257-019** | **3808150** |

| Part III - Investigation | 22. Date & Time Investigation Began |
|---|---|
| | **09-13-2023 0741 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By **A.Corsi**

At (Date/time) **09-13-2023 0741 hrs**                    

24. Inmate statement and attitude

**Inmate Muraina, Bamidelet Reg. No. 73257-019 was advised of his rights and stated that he understood them. Inmate was read the body of the incident report. When inmate Muraina was asked if he had a comment he stated, No Comment. Inmate Muraina maintained a Good attitude during the interview.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**All facts are contained in section 11 of the incident report and the statement of inmate Muraina.**
**Inmate Muraina did not request any witnesses at this time.**
**Chain of Custody attached**
**Photo spread sheet of contraband attached**
**Incident report was not served within 24 hours due to being suspended pending FBI referral.**

26. Investigator's comments and conclusions

**During this incident report investigation, I interviewed inmate Muraina, Bamidele #73257-019, reviewed section 11 of the incident report, the inmate s discipline history, and the inmate s attitude. Based on the interview in which Muraina made no comment, chain of custody, photo sheet, FBI declination and section 11 of the incident report, I find that greater weight is supported for the charge of code 108.**

27. Action taken

**Inmate will remain SHU**

Date and Time Investigation Completed: **09-13-2023 0749 hrs**

Printed Name/Signature Of Investigator: **A.Corsi**

Investigator Title: **Lieutenant**

Prescribed by P5270                    Replaces BP-S288.052

2

Att. 4

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **MURAINA, BAMIDELE** | **73257-019** | **3808150** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident
**Inmate Muraina had no comment.**

18. A. It is the finding of the committee that you:

    **X** Committed the Prohibited Act as charged.

    — Did not commit a Prohibited Act.

    — Committed Prohibited Act Code(s)

B. **X** The Committee is referring the Charge(s) to the DHO for further Hearing.

C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:
**Referred to DHO based on the reporting officer's statement, inmate Muraina's statement of no comment, and the supporting documentation.**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
**41 days loss of GCT**
**90 days loss of Commissary**
**90 days loss of Telephone**

21. Date And Time Of Action **09-13-2023 1438 hrs** (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**Dew**
_____
Chairman (Typed Name/Signature)

**Dew**
_____
Member (Typed Name)

_____
Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

3

Att. 4



U. S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Institution

*Office of the Captain*                                        *Milan, MI 48160*

November 29, 2023


MEMORANDUM FOR     E. Rardin, Warden

FROM:                        J. Love, Captain's Secretary

SUBJECT:                  **DHO Packet Warden Review**

Attached is Discipline Hearing Report and packet for Incident Report
Number 3808150, Muraina, Bamidele #73257-019 for Warden or Designee
review.



_____
D. Cogburn, Captain

4

BP-A293.052
MAY 94
**INMATE RIGHTS AT DISCIPLINE HEARING**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

    1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

    2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

    4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

    5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: _Bamidele Murana_    Reg. No.: _73257-019_

Inmate Signature: _[signature]_    Date: _9/13/23_

Notice of rights given to inmate(Date/time): _9/13/23_

by: _[signature]_
                Staff Printed Name/Signature

(This form may be replicated via WP)          Replaces BP-S293(52) of JAN 88.

1

Att. 4

BP-A294.052
MAY 1994    **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**    **U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

FCI Milan
Institution

DATE: 9/13/23

TO: Bamidele Muraina    Reg. No.: 73257-019

ALLEGED VIOLATION(S): Possession of a Hazardous Tool

DATE OF OFFENSE: 8/7/2023    Code No.: 108

You are being referred to the DHO for the above charge(s).

The hearing will be held on: To be announced, at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _____ (do not) __✓__ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) __✓__ wish to have witnesses.

NAME: _____ , Can Testify to: _____

NAME: _____ , Can Testify to: _____

NAME: _____ , Can Testify to: _____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonable available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

I additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: 9/13/23    SIGNATURE: _____

Notece of hearing before DHO given inmate 9/13/23  240pm by _____ Staff Printed Name/Signature
                                                         Date/Time

Replaces BP-294(52) of JAN 88

6

Att. 4

P a g e | **1**



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

*Federal Correctional Institution*
*4000 East Arkona Road*
*Milan, Michigan 48160*

*January 18, 2024*

*MEMORANDUM FOR:*   **ALL CONCERNED**

*FROM:*             **M.STODDARD; SIS TECHNICIAN** 

*SUBJECT:*          **INMATE MURAINA, BAMIDELE IR# 3808150**


After inquiring about the time stamp of the FBI Referral in
question (MIL-23-0113), it was determined the FBI Agent did in
fact decline the referral, sign, and date it as of September
8,2023. Agent Christensen sent the Signed referral to my email
address only on that specific date.

After a review of the daily assignments, it was determined that
September 7 and 8, I was at DCT recertification, so I was not in
the Office when the email was sent.

The FBI referral was uploaded into darts on September 12, 2023, at
12:08PM. I was not made aware of the document until I had opened
my email form Agent Christensen on September 12, and processed it
into darts.

7

# Federal Bureau of Prisons
## Referral of an Inmate Criminal Matter for Investigation
## Sensitive But Unclassified

**Referral Number:** MIL-23-0113                        **Original Entered Date:** 8/17/2023 8:34:50 AM CST

**Agency Category:** Federal           **Agency:** FBI          **Referral Reason:** Contraband, Possession

**Current Status:** Submitted                          **Status Date:** 8/17/2023 1:15 PM

## Contact

**First Name:** ADAM                 **Last Name:** CHRISTENSEN          **Title:** SA
**Phone:**                           **Email:**

## Inmates

| Reg # | Name |
|---|---|
| 73257019 | MURAINA, BAMIDELE |

## Status History

| Status | Status Date |
|---|---|
| Submitted | 8/17/2023 9:15 AM |

## Incidents

**Incident Number**        **Date**

**Description**
No data found.

## Cases

| Case Number Comment | Case Type | Case Subtype | Case Status | Opened Date | Closed Date |
|---|---|---|---|---|---|
| No data found. | | | | | |

## Attachments

| File Name | Document Type | Document Subtype | Original Entered By | Original Location Code | Original Entered Date |
|---|---|---|---|---|---|
| photpsread inmate Muraina cell phone.pdf | Photographs | Photo Spread | TF50100 | MIL | 8/17/2023 8:18:53 AM CST |
| Incident report for inmate Muraina cell phone.pdf | Inmate Discipline | Incident Report | TF50100 | MIL | 8/17/2023 8:19:29 AM CST |

## Comments

On August 7, 2023, Staff witnessed suspicious behavior in Cell A05-202L where inmate Muraina was assigned to. Staff stepped into the cell and saw a Motorola smart phone in his possession. Muraina was ordered to hand over the device which he complied. No further incident.

## Law Enforcement Action Taken

☐ Accepted                    ☒ Declined                    ☐ Deferred

1 of 2

8

Att. 4

## Federal Bureau of Prisons
## Referral of an Inmate Criminal Matter for Investigation
### Sensitive But Unclassified

_Adam Christiansen_
Name (printed)

_[signature]_
Signature

_Special Agent_
Title (printed)

_9/6/2023_
Date

9



# Federal Correctional Institution
# Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
| --- | --- |
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



10



# Federal Correctional Institution
## Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



11

Att. 4



# Federal Correctional Institution
## Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



12

Att. 4



# Federal Correctional Institution
## Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



13

Att. 4

BP-A0971
AUG 11

**CHAIN OF CUSTODY LOG CDFRM**

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

EGN # _____
                                    (Enclose with/attach to evidence)
ITEM # _____                                              # 73257-019

CASE ID NUMBER: _____     SUSPECT (If known) Mwaini, Bamidele

DESCRIPTION OF ITEM: Blue Motorola smart phone     Sim Card # 89148 00000884807999
                                                    TF 256 PS1msV97N

DATE/TIME ITEM FOUND: 08/07/2023 11:25AM

LOCATION: A-unit B side cell 202

SIGNATURE OF PERSON RECOVERING EVIDENCE: _____

PRINTED NAME: D. Dunning

EVIDENCE PLACED IN OVERNIGHT DROP BOX:

DROP-BOX BY:(printed name) LT. J. Ramos

Date & Time: 8-7-23     2:01pm

Witness:(printed name) D. Dunham

EVIDENCE RECOVERED FROM OVERNIGHT DROP BOX BY:

(printed name) _____

Date & Time: _____

Witness:(printed name) _____

EVIDENCE PLACED EVIDENCE SAFE BY:

(printed name) _____

Date & Time: _____

Witness:(printed name) _____

DISPOSITION:

( ) Hold as evidence          ( ) Return to owner          ( ) Lab Analysis
( ) Return to finder          ( ) Destroy immediately       ( ) FBI
( ) Other

REMARKS (condition of evidence):

**************************************************************************
                            CHAIN OF CUSTODY

| EVIDENCE RELEASED BY: | DATE/TIME: | DESTINATION: | EVIDENCE RELEASED TO: |
|---|---|---|---|
| D. Dunning | 08/07/23 12:00 | LT's Office | LT Ramos |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

PDF                          Prescribed by P5510

14

Att. 4



BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**    IR#:   3808150
Reg#: 73257-019

Dept. of Justice / Federal Bureau of Prisons    MURAINA, BAMIDELE

| Institution: **MILAN FCI** | Incident Report Number: **3808150** | |
|---|---|---|
| NAME OF INMATE: **MURAINA, BAMIDELE** | REG.NO.: **73257-019** | UNIT: **7 LCP** |
| Date of Incident Report: **08-07-2023** | Offense Code(s): **108** | |
| Date of Incident: **08-07-2023** | | |

Summary of Charges:

**108 -- POSSESSING A HAZARDOUS TOOL.**

I.   NOTICE OF CHARGE(S)

A.   Advanced written notice of charge (copy of Incident Report) was given to inmate on **09-13-2023** at **0741 hrs** (by staff member) **A.Corsi**

B.   The DHO Hearing was held on **11-03-2023** at **0804 hrs**

C.   The inmate was advised of the rights before the DHO by (staff member): **Dew** on **09-13-2023** and a copy of the advisement of rights form is attached.

D.   Delay in Process   **Referral to FBI/AUSA**

II.   STAFF REPRESENTATIVE

A.   Inmate waived right to staff representative:   [Yes] **X**    [No] __

B.   Inmate requested staff representative and **NA** appeared.

C.   Staff Representative's Statement: **NA**

D.   Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **NA**

E.   Staff representative **NA** was appointed.

III.   PRESENTATION OF EVIDENCE

A.   Inmate ( ) admits   ( **X** ) denies the charge(s).

B.   Summary of Inmate Statement:

**I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office. Then 30 seconds to SHU and in SHU for over 32 days.**



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

C.   Witnesses

1.   The inmate waived right to witnesses.   [Yes] **X**      [No] __

2.   The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
**NA**

3.   The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
**NA**

4.   Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
**NA**

D.   Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
**Incident Report -- (BP-A288)**
**Incident Report - Chain of Custody, Contraband -- (BOP-IRCCC)**
**Incident Report - Photographs -- (BOP-IRPHO)**
**Incident Report - FBI Declination Notification -- (BOP-IRFBI)**

E.   Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
**NA**

IV.   FINDINGS OF THE DHO
**X** A. The act was committed as charged.   _ C. No prohibited act was committed:
_ B. The following act was committed:       Expunge according to inmate
                                            discipline PS.

V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**The DHO advised you of your rights before the Discipline Hearing Officer and you stated you understood those rights.  You confirmed you did not request a staff representative. You requested no witnesses and presented no documentary evidence on your behalf.**

**The DHO reviewed your rights and noted this disciplinary infraction was served on September 13, 2023, beyond the ordinary twenty-four (24) hour time frame as the report was reviewed for possible prosecution.  The UDC hearing was conducted within the ordinary five (5) daytime frame.  The DHO could find no way in which this delay hindered your ability to present a defense.  The DHO noted you did not raise any concerns with the delays.**

**The inmate appeared before the DHO and acknowledged receipt of the incident report.  He stated that he did not have any issues with the discipline process to this point. The DHO**

16

Att. 4



| BP-A0304 | **DISCIPLINE  HEARING  OFFICER  REPORT** | IR#:  3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

finds you committed the prohibited act of Code 108, Possession of a Hazardous Tool (Cellular device).

The DHO basis this finding on the reporting officers  statements in Section 11 of the incident report which states, "On August 7th, 2023, at approximately 11:25 A.M., while working as Compound 2; I conducted a random round in A-unit. While conducting this round I noticed Inmate Muraina, Bamidele Reg. No. 73257-019 sitting on his bunk in cell A05-202L with his locker door open covering his hands. I stepped into the cell and found inmate Muraina holding a Motorola smart phone. He willingly surrendered the phone when I instructed him to hand it over.  Only identifiable number for the cell phone was on the SIM card: TF256PSIMV97N".

The DHO considered that cellular telephones are considered sensitive equipment. Cellular telephones are a hazardous tool. The action on the part of any inmate to possess a hazardous tool, (Cellular phone/charger) in any correctional institution seriously jeopardizes the security of the institution and poses a threat to the ability of staff to provide for the safety and security for staff, inmates and the general public as a whole. Possessing a cellular phone gives an inmate an opportunity to make completely unmonitored calls. These calls can contain threats to the general public or plans for an escape attempt or planning or participating in other illegal activity.

The DHO considered photographic evidence which reaffirms the reporting officers' statements in section 11 of the incident report as to the Motorola smart phone discovered on your person on August 7, 2023.  Photographs one and two are of the Motorola smart phone. Photographs three and four are of the SIM cards with the identifying number TF256PSIMV97N.

The DHO considered a chain of custody dated August 7, 2023, 2023, which lists you as the suspect, and the item as Blue Motorola smart phone. SIM card #8914800000884807999, TF256PSIMV97N.

Upon your confinement to any Bureau of Prisons (BOP) facility, you participate in Admissions and Orientations (A&O), wherein you were advised of BOP rules and regulations and your responsibility to abide by these rules. You are also provided an A&O handbook, which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

The DHO noted during the investigative process you stated to the investigator, "No comment".

The DHO noted during the UDC, you stated, "No comment".

During the DHO hearing you self-admitted the charge by stating, "I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office.  Then 30 seconds to SHU and in SHU for over 32 days".

The DHO considered your statement and denial to the charge against you but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. The DHO finds the staff member s statements and observations are more credible and believable than yours. The DHO finds no evidence, nor did you provide evidence, to indicate the staff member conspired to falsely accuse you of this misconduct. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, four photographs of the contraband, chain of custody and your lack of defense before the IDC chair and investigating Lieutenant.

Therefore, based on the greater weight of evidence, it was determined that you committed the prohibited act of Possession of a Hazardous Tool, Code 108. Evidence used included section 11 of the incident report, four photographs of the contraband, chain of custody and





BP-A0304 **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

IR#:  3808150
Reg#: 73257-019
  MURAINA, BAMIDELE

your lack of defense before the IDC chair and investigating Lieutenant.

VI.   SANCTION OR ACTION TAKEN

**108 (FREQ 1) - DIS GCT 41 DAYS, 108 (FREQ 1) - LP COMM 90 DAYS, 108 (FREQ 1) - LP MPLAYER 90 DAYS, 108 (FREQ 1) - LP PHONE 180 DAYS, 108 (FREQ 1) - LP TABLET 90 DAYS, 108 (FREQ 1) - MON FINE 50 DOLLARS**

VII.   REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate manufacture, possess, or introduce into the institution, a tool or piece of equipment which may be used in an escape or escape attempt, poses a serious threat to the orderly operation and security of the institution, as well as to the health, safety and welfare of not only himself, but to all other inmates and staff. Past escape attempts involving these types of items have resulted in serious injuries, as well as deaths, to both inmates and staff which cannot and will not be tolerated. Inmates with an intention to escape have proven to be dangerous. They are also attempting to break the law in their endeavor. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction of disallowance of good conduct time (DGCT) was imposed to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA) and to emphasize the seriousness of the offense.

The sanctions for loss of phone, email, and visiting privileges were imposed to enforce the standard that inmates be held accountable for their actions but were as the DHO believes the sanctions will provide sufficient deterrence of future misconduct.

The sanction of the monetary fine was imposed to emphasize the seriousness of the offense, to enforce the standard that inmates be held accountable for their actions, and to deter similar future misconduct and was based on your account balance of $132.98, on the date of the DHO hearing.

18

Att. 4



**BP-A0304**    **DISCIPLINE HEARING OFFICER REPORT**    IR#: 3808150
Reg#: 73257-019
Dept. of Justice / Federal Bureau of Prisons    MURAINA, BAMIDELE

VIII.  APPEAL RIGHTS: **X**  The inmate has been advised of the findings, specific
evidence relied on, action and reasons for the action. The inmate has been
advised of his right to appeal this action within 20 calendar days under
the Administrative Remedy Procedure. A copy of this report has been given
to the inmate.

IX.  Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. KELLER** | **E. KELLER** | **11-24-2023** |

DHO Report Delivered to Inmate by:

| **J. Love** | **J. Love** | **11-30-2023 0737 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of
electronic forms, electronic filing, and electronic signatures to conduct office business.

19

Att. 4