

POOR QUALITY ORIGINAL

United States District Court
Eastern District of Michigan
Southern Division



Bamidele Muraina, #73257-019
    Petitioner,

        -vs-

Warden E. Rardin,
    Respondent.

Case No. 24-10977

Honorable Sean F. Cox
Mag. Judge Curtis Ivy, Jr.

JUL 0 9 2024

CLERK'S OFFICE
DETROIT

---

Reply to Respondent's Response to Petition for Writ of Habeas Corpus.

---

    I Bamidele Muraina is asking this Honorable Court to GRANT me all the relief i seek for, Because there was no reliable evidence to support me committing the prohibited act of possessing a cell phone, the delay in delivering the incident report to me within 24hrs is grounds for relief as this violated my due process rights and my due process rights was violated at the discipline hearing. Relief should be GRANTED.

Reply to Respondent's Argument.

(A) The DHO evidence is not sufficient and reliable to find me guilty. The evidence she considered:-

- Consisted of the eyewitness account of the reporting officer:- On Aug 7, 2023, at approximately 11:25am, i was in my cell sitting on my bed and listening to the radio on my tablet. The reporting officer stepped into my cell and asked me what i was doing. I responded saying, "listening to the news." He then asked me to hand over my tablet to him and i WILLINGLY surrendered it to him. He told me the tablet is altered because the back of the tablet is open and the battery is slipping out and exposed. He told me to walk with him to the lieutenant's office.

When we arrived at the lieutenant's office, the lieutenant was not available/present in the office. The reporting officer then told me i can not have an altered tablet and that i have to go to the SHU until the lieutenant investigates and clears me. I told him the tablet is my personal property and that i bought it from commissary and should not be going to the SHU for my tablet being altered. I was taken to the SHU at approximately 11:45am and was there for 41 days.

The reporting officer that took my tablet is the only eye witness the DHO considered. Same reporting officer that claimed that I WILLINGLY handed him a Motorola smart phone. This is not a reliable evidence, because the were no other eye witness to confirm that i handed a smart phone to the reporting officer. Matter of facts, I WILLINGLY handed him my tablet because it is mine and i paid for it.

- Photographic Evidence:- During the disciplinary hearing, the DHO failed to show/provide me with photo evidence. Looking at the photo evidence provided by the respondent,(See Exhibit 4) the photo was taken/photographs by the same reporting officer at 12:30pm. This photo was not taken in my cell where he claimed I WILLINGLY handed a smart phone to him. Also, the photographs were not taken in my presence. Matter of facts, i have seen this alleged phone ever before and at 12:30pm when the photographs was taken, i was already housed in the SHU. Also this picture us taken/photographed by same officer at unknown location with no eyewitness.

- FBI Declination:- FBI declining not to prosecute clearly prove that there was no reliable evidence for criminal prosecution.

- Chain of Custody:- Looking at the chain of custody log form provided by the respondent,(See Exhibit 3) the disposition section is not checked for evidence such as "Hold as evidence" or "FBI" when it was referred to FBI for prosecution. Matter of facts,, nothing was checked and no remarks(Condition of evidence) was stated. This clearly prove there was no reliable evidence present/available in the drop box or custody.

(B) The delay in delivering the incident report violates my due process rights and warrant the relief i seek for to be GRANTED.

-Program statement 5270.09 which provides that, when "the FBI or other investigative agency releases the incident report for administrative processing," "the incident report should then be delivered to the inmate by the end of next business day" The respondent agreed and admitted the incident report was delivered to me 2 days later than it should have been under the applicable program statement. The investigating officer being away at training should not stop or hindered the delivery of the incident report to me within 24hrs after the FBI released the report. Also i believe the investigating officer should not be in investigating position if they are still on training. This does not comply with program statement by the Bureau of prisons. I raised this issue during the discipline process TWICE(2) to the DHO's.

Matter of facts, on Oct 23, 2023, I was called to appear for the DHO hearing at 7:30am. The DHO read the charges to me from the incident report and asked me if i was guilty or not. I told the DHO that i was not guilty. I then proceeded to tell him that i don't know anything about the alleged phone or SIM card. It was my tablet that i handed over to the officer and he took to the SHU because it was altered. The DHO sounded surprised and i proceeded to ask him to show me the pictures of the alleged phone and SIM card. Also, most importantly, what was the serial /IMEI number for the alleged phone. He told me like the incident report had stated that there is no serial number/IMEI number for the phone and that only the serial number for the SIM card is what he has from the incident report. The DHO also stated he doesn't have pictures of the phone and SIM card. Then he proceed to provide me with new information that the said alleged phone was sent to FBI for prosecution on Aug 17, 2023 and was declined and sent back by FBI for administrative processing on Sept 8, 2023. I was surprised to hear this new information

because i was never told the alleged phone was sent to the FBI. The DHO then said he will have to postpone my hearing so that he can do more investigation and findings as there were no pictures or evidence of the alleged phone and SIM card as well as no number to identify the said alleged phone and also to know the reasons why the incident report is not delivered to me within 24hrs after the FBI declined it for prosecution.

NOTE: The respondent failed to acknowledge this nor make mention of this first encounter with the first DHO.

On Nov 3, 2023, i was called again for the DHO hearing. The hearing is over the phone. To my surprise, there was a completely new DHO. Not the same DHO from a week and a half ago. The new DHO was not ready or willing to listen to me or let me explain in detail what was going on. The new DHO seemed to be like she was in a hurry and would not give me the chance to express myself fully or answer my questions or provide me with evidence. I raised the issue about the delay of the time frame the incident report was delivered to me and the DHO responded saying it was delivered to me in timely manner and shut me off. I told her that i was not guilty and that i deny the charge. I also told her i was not caught with a phone or a SIM card. It was my altered tablet that i handed over to the officer. The new DHO said i was guilty because of the pictures of the alleged phone and SIM card she had with her. I then asked to see the pictures but she did not show/provide them to me. I asked what is the serial number/IMEI number for the alleged smart phone and she said there was no serial number/IMEI number for the phone. She said only the serial number which was stated in the incident report is what she has. I even asked of the said pictures where they were taken because there were no pictures taken in my presence.

(C) My due process rights were violated at the disciplinary hearing:- The DHO did not provide or show me any evidence at the hearing, only the serial number for the SIM card which is from the incident report was presented to me. There is procedural error in the DHO report and some conflicting comments in the report. (See Exhibit 1) Section V (specific evidence...) where she stated that "During the DHO hearing you self-admitted the charge by stating (I WAS NOT CAUGHT WITH A PHONE)". I did not admit the charge. As a matter of fact, the DHO report Section III (Presentation of evidence)(A) clearly marked (X) inmate denies the charge(s). Also, in the comment it reads that i said I WAS NOT CAUGHT WITH A PHONE. Also the DHO failed to report in the DHO report that i raised issue and concerns about the time delivery of the incident report.

Matter of facts, the response for my appeal at the regional level (See Exhibit 2) admitted there was administrative error by the DHO in the DHO report. The region amended the report by deleting and removing the conflicting statement by the DHO( See Exhibit 5) in Section V (specific evidence...) where she stated that "During the DHO hearing you self-admitted the charge by stating, (I was not caught with a phone)." the "self-admitted the charge by stating" was deleted and removed from the report and changed to "During the DHO hearing you stated". This alone prove that the DHO is not completely honest and just want to find me guilty without reliable evidence.

CONCLUSION

This incident report is all false accusations and should be expunged and all sanctions lifted including getting my 41 days good conduct time back and the 50 dollars fine for the following reasons:

1. I don't know anything about the alleged phone. It was my tablet that the officer asked me to hand over to him and i simply and WILLINGLY handed it over to him because it was my tablet that i had paid for from commissary.

2. According to Wikipedia and Google Services, all mobile devices have a unique identification that is made up of an IMEI number, serial number and model number. Every cell phone has a unique IMEI number for identifying a device. There was no serial number/IMEI number provided by the DHO or by the respondent to identify the said alleged phone. This Violated my due process rights.

3. The incident report not being delivered in timely manner to comply with the program statement set by federal bureau of prisons its self Violated my due process rights.

4. The procedural error in the DHO report shows she is incompetent and clearly siding with the reporting officer as they work in the same space. The regional office admitting and acknowledging the error and amending the report by deleting the conflicts statement by the DHO violates my due process right and clearly prove that this DHO is unprofessional.

5. Lastly, The respondent didn't take the time to really investigate and do some more research and findings to know that the DHO report has been amended by the regional office. As u can see in the respondent response, they provided only the initial

DHO report NOT the amended report. Also that i was called twice for DHO hearing within interval of 1 and half week and lastly the change of the DHO to another DHO. The respondent failure to acknowledge and mention all this to the court, Warrant this relief to be Granted to me.

I stand by my plea of not Guilty and that the conduct as stated in the incident report is a false accusation. Therefore, the DHO's finding of guilty is not based on the greater weight of the evidence. See, Perez v. Breckon, 2019 U.S Dist.. LEXIS 24645 (2nd Cir. 2019) (Citing Luna v. Pico, 356 F.3d 481, 488 (2nd Cir. 2004). Some evidence e.g.., greater weight of the evidence require an evaluation of whether "there was reliable evidence of the inmate's guilt."

For all this reasons, i am entitled to habeas corpus relief i seek for to be GRANTED.

I thank this Honorable court for considering my reply to the respondent argument.

Respectfully submitted
BAMIDELE MURAINA, #73257-019

7-2-2024

Certificate of Service

I certify that on July 3, 2024, I mailed this copy via United States Postal Service to the following:-

Jessica V Currie
AUSA
211 W Fort Street, Suite 2001
Detroit, MI 48226

Bamidele Muraina #73257-019

7-2-2024



# Federal Correctional Institution
## Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



**Page 1 of 4**

10

Att. 4



# Federal Correctional Institution
# Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



11

4



# Federal Correctional Institution
## Milan, Michigan.
### Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



12

. 4



# Federal Correctional Institution
# Milan, Michigan.
## Photo Sheet

| Type of Incident | Contraband find |
|---|---|
| Date and Time of Incident | 08/07/2023 |
| Inmate | Muraina, Bamidele #73257-019 |
| Location of Incident | A-unit |
| Photograph(s) by | D. Dunning |
| Date and Time of Photo | 08/07/2023 12:30 |

Blue Motorola smart phone found in A-unit B side cell 202.



**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:  1183612-R2**

---

This is in response to your Regional Administrative Remedy Appeal received on January 8, 2024, regarding the decision of the Discipline Hearing Officer (DHO).   You were found to have committed the prohibited act Code #108, Possession of a Hazardous Tool, (cellphone).   You appeal this decision stating you did not have a cellphone in your hand, it was a tablet.   You state there was no serial number provided regarding the cellphone, claiming this violated your due process rights.   You question the timeline of the FBI (Federal Bureau of Investigation) referral pertaining to the delivery of the incident report.   You further state you did not "self-admit" guilt to the charge and claim the DHO did not show you the pictures of the alleged phone.   You request the incident report be expunged and the sanctions be lifted.

An administrative error was noted in your DHO report regarding your statement to the DHO. The DHO report has been corrected and a copy is attached for your records. If you disagree with the amendment, you may include this in your appeal to the next level.

A review of the disciplinary action indicated you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program.   You were given advance written notice of the charge against you more than 24 hours prior to your appearance before the DHO.   You were afforded the opportunity for staff representation and to call witnesses.   You were offered the chance to be present at your hearing, make a statement to the DHO, and present documentary evidence on your behalf.

Upon review, the delay in the delivery of the incident report is appropriately documented by the SIS (Special Investigative Services) Department.   There is no evidence that you requested to see the photographs during your DHO hearing.   The incident report sufficiently addressed the information available pertaining to the cellphone.   Therefore, your allegations are found to be without merit.

The Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make the decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence.   The DHO found you guilty based on the greater weight of the evidence.   Evidence weighed against you consisted of the eyewitness account of the reporting officer, photographs, FBI declination, and Chain of Custody form.   This evidence coupled by your decision not to present credible or verifiable exculpatory evidence, which may have exonerated you from the charge, reasonably led the DHO to make a guilty finding.

The DHO report clearly indicates the basis for finding you committed the prohibited act and explains the purpose of imposing the sanctions. There is sufficient evidence to support you committed the prohibited act as charged as you are responsible for all items found within your assigned cell.   Staff conducted a search of your cell and located a cellphone.   The discipline process was conducted in accordance with Program Statement 5270.09, and the sanctions imposed are appropriate.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2\7\2024
Date

Andre Matevousian, Regional Director

*Exhibit 5*



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT**<br>**Amended Report** | IR#: 3808150<br>Reg#: 73257-019 |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

VI. SANCTION OR ACTION TAKEN

**108 (FREQ 1) - DIS GCT 41 DAYS, 108 (FREQ 1) - LP COMM 90 DAYS, 108 (FREQ 1) - LP MPLAYER 90 DAYS, 108 (FREQ 1) - LP PHONE 180 DAYS, 108 (FREQ 1) - LP TABLET 90 DAYS, 108 (FREQ 1) - MON FINE 50 DOLLARS**

VII. REASON FOR SANCTION OR ACTION TAKEN

**The action/behavior on the part of any inmate manufacture, possess, or introduce into the institution, a tool or piece of equipment which may be used in an escape or escape attempt, poses a serious threat to the orderly operation and security of the institution, as well as to the health, safety and welfare of not only himself, but to all other inmates and staff. Past escape attempts involving these types of items have resulted in serious injuries, as well as deaths, to both inmates and staff which cannot and will not be tolerated. Inmates with an intention to escape have proven to be dangerous. They are also attempting to break the law in their endeavor. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.**

**The sanction of disallowance of good conduct time (DGCT) was imposed to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA) and to emphasize the seriousness of the offense.**

**The sanctions for loss of phone, email, and visiting privileges were imposed to enforce the standard that inmates be held accountable for their actions but were as the DHO believes the sanctions will provide sufficient deterrence of future misconduct.**

**The sanction of the monetary fine was imposed to emphasize the seriousness of the offense, to enforce the standard that inmates be held accountable for their actions, and to deter similar future misconduct and was based on your account balance of $132.98, on the date of the DHO hearing.**

VIII. APPEAL RIGHTS: **X** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. KELLER** | **E. KELLER** | **11-24-2023** |

DHO Report Delivered to Inmate by:

| **J. Love** | **J. Love** | **11-30-2023 0737 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

*Exhibit 5*



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 3808150 |
|---|---|---|
| | Amended Report | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

finds you committed the prohibited act of Code 108, Possession of a Hazardous Tool (Cellular device).

The DHO basis this finding on the reporting officers statements in Section 11 of the incident report which states, "On August 7th, 2023, at approximately 11:25 A.M., while working as Compound 2; I conducted a random round in A-unit. While conducting this round I noticed Inmate Muraina, Bamidele Reg. No. 73257-019 sitting on his bunk in cell A05-202L with his locker door open covering his hands. I stepped into the cell and found inmate Muraina holding a Motorola smart phone. He willingly surrendered the phone when I instructed him to hand it over. Only identifiable number for the cell phone was on the SIM card: TF256PSIMV97N".

The DHO considered that cellular telephones are considered sensitive equipment. Cellular telephones are a hazardous tool. The action on the part of any inmate to possess a hazardous tool, (Cellular phone/charger) in any correctional institution seriously jeopardizes the security of the institution and poses a threat to the ability of staff to provide for the safety and security for staff, inmates and the general public as a whole. Possessing a cellular phone gives an inmate an opportunity to make completely unmonitored calls. These calls can contain threats to the general public or plans for an escape attempt or planning or participating in other illegal activity.

The DHO considered photographic evidence which reaffirms the reporting officers' statements in section 11 of the incident report as to the Motorola smart phone discovered on your person on August 7, 2023. Photographs one and two are of the Motorola smart phone. Photographs three and four are of the SIM cards with the identifying number TF256PSIMV97N.

The DHO considered a chain of custody dated August 7, 2023, 2023, which lists you as the suspect, and the item as Blue Motorola smart phone. SIM card #8914800000884807999, TF256PSIMV97N.

Upon your confinement to any Bureau of Prisons (BOP) facility, you participate in Admissions and Orientations (A&O), wherein you were advised of BOP rules and regulations and your responsibility to abide by these rules. You are also provided an A&O handbook, which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

The DHO noted during the investigative process you stated to the investigator, "No comment".

The DHO noted during the UDC, you stated, "No comment".

During the DHO hearing you stated, "I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office. Then 30 seconds to SHU and in SHU for over 32 days".

The DHO considered your statement and denial to the charge against you but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. The DHO finds the staff member s statements and observations are more credible and believable than yours. The DHO finds no evidence, nor did you provide evidence, to indicate the staff member conspired to falsely accuse you of this misconduct. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, four photographs of the contraband, chain of custody and your lack of defense before the IDC chair and investigating Lieutenant.

Therefore, based on the greater weight of evidence, it was determined that you committed the prohibited act of Possession of a Hazardous Tool, Code 108. Evidence used included section 11 of the incident report, four photographs of the contraband, chain of custody and your lack of defense before the IDC chair and investigating Lieutenant.

Exhibit 5

 **BP-A0304** **DISCIPLINE HEARING OFFICER REPORT** IR#: 3808150
**Amended Report** Reg#: 73257-019
Dept. of Justice / Federal Bureau of Prisons **MURAINA, BAMIDELE**

C. Witnesses

1. The inmate waived right to witnesses. [Yes] **X** [No] __

2. The following persons were called as witness at this hearing and appeared
(Each witness name and statement listed below):
**NA**

3. The following persons requested were not called for the reason(s) given
(Each witness name and statement listed below):
**NA**

4. Unavailable witnesses were requested to submit written statements and
those statements received were considered (Each witness name and
statement listed below):
**NA**

D. Documentary Evidence. In addition to the Incident Report and
Investigation, the DHO considered the following documents:
**Incident Report -- (BP-A288)**
**Incident Report - Chain of Custody, Contraband -- (BOP-IRCCC)**
**Incident Report - Photographs -- (BOP-IRPHO)**
**Incident Report - FBI Declaration Notification -- (BOP-IRFBI)**

E. Confidential information was used by DHO in support of his findings, but
was not revealed to the inmate. The confidential information was documented
in a separate report. The confidential information has been (confidential
informants have been) determined to be reliable because:
**NA**

IV. FINDINGS OF THE DHO
**X** A. The act was committed as charged. __ C. No prohibited act was committed:
__ B. The following act was commmitted: Expunge according to inmate
discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
written documents, etc.)
**The DHO advised you of your rights before the Discipline Hearing Officer and you stated you
understood those rights. You confirmed you did not request a staff representative. You requested
no witnesses and presented no documentary evidence on your behalf.**

**The DHO reviewed your rights and noted this disciplinary infraction was served on September 13,
2023, beyond the ordinary twenty-four (24) hour time frame as the report was reviewed for possible
prosecution. The UDC hearing was conducted within the ordinary five (5) daytime frame. The DHO
could find no way in which this delay hindered your ability to present a defense. The DHO noted
you did not raise any concerns with the delays.**

**The inmate appeared before the DHO and acknowledged receipt of the incident report. He stated
that he did not have any issues with the discipline process to this point. The DHO**



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: **3808150** |
|---|---|---|

**┃Amended Report┃**

Reg#: 73257-019

Dept. of Justice / Federal Bureau of Prisons          MURAINA, BAMIDELE

---

| Institution: **MILAN FCI** | Incident Report Number: **3808150** | |
|---|---|---|
| NAME OF INMATE: **MURAINA, BAMIDELE** | REG.NO.: **73257-019** | UNIT: **7 LCP** |
| Date of Incident Report: **08-07-2023** | Offense Code(s): **108** | |
| Date of Incident: **08-07-2023** | | |

Summary of Charges:

    **108 -- POSSESSING A HAZARDOUS TOOL.**

---

I.    NOTICE OF CHARGE(S)

    A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on **09-13-2023** at **0741 hrs** (by staff member) **A.Corsi**

    B.  The DHO Hearing was held on **11-03-2023** at **0804 hrs**

    C.  The inmate was advised of the rights before the DHO by (staff member): **Dew** on **09-13-2023**

        and a copy of the advisement of rights form is attached.

    D.  Delay in Process  **Referral to FBI/AUSA**

---

II.   STAFF REPRESENTATIVE

    A.  Inmate waived right to staff representative:  [Yes] **X**    [No] __

    B.  Inmate requested staff representative and **NA** appeared.

    C.  Staff Representative's Statement: **NA**

    D.  Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **NA**

    E.  Staff representative **NA** was appointed.

---

III.  PRESENTATION OF EVIDENCE

    A.  Inmate ( ) admits  ( **X** ) denies the charge(s).

    B.  Summary of Inmate Statement:

        **I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office.  Then 30 seconds to SHU and in SHU for over 32 days.**

BP-A0971
AUG 11

**CHAIN OF CUSTODY LOG CDFRM**

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

ECN # _____
                                    (Enclose with/attach to evidence)                    # 73257-019
ITEM # _____

CASE ID NUMBER: _____              SUSPECT (If known) Murani, Bamidele

DESCRIPTION OF ITEM: Blue Motorola smart phone    Sim Card # 89148 00100884807999;
                                                              TF 256 PS/mxV97N

DATE/TIME ITEM FOUND: 08/07/2023 11:25AM

LOCATION: A-unit B side cell 202

SIGNATURE OF PERSON RECOVERING EVIDENCE: _____

PRINTED NAME: D. Dunning

EVIDENCE PLACED IN OVERNIGHT DROP BOX:

DROP-BOX BY:(printed name) _____ Lt. J. Ramos

Date & Time: _____ 8-7-23 _____ 2:01p

Witness:(printed name) _____ D. Dunham

EVIDENCE RECOVERED FROM OVERNIGHT DROP BOX BY:

(printed name) _____

Date & Time: _____

Witness:(printed name) _____

EVIDENCE PLACED EVIDENCE SAFE BY:

(printed name) _____

Date & Time: _____

Witness:(printed name) _____

DISPOSITION:

( ) Hold as evidence       ( ) Return to owner          ( ) Lab Analysis
( ) Return to finder       ( ) Destroy immediately      ( ) FBI
( ) Other

REMARKS (condition of evidence):

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CHAIN OF CUSTODY**

| EVIDENCE RELEASED BY: | DATE/TIME: | DESTINATION: | EVIDENCE RELEASED TO: |
|---|---|---|---|
| D. Dunning | 08/07/23 12:00 | LT's Office | LT Ramos |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PDF                              Prescribed by P5510                                    14

                                                                          Att. 4

| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

| Institution: **MILAN FCI** | Incident Report Number: **3808150** | |
|---|---|---|
| NAME OF INMATE: **MURAINA, BAMIDELE** | REG.NO.: **73257-019** | UNIT: **7 LCP** |
| Date of Incident Report: **08-07-2023** | Offense Code(s): 108 | |
| Date of Incident: **08-07-2023** | | |

Summary of Charges:

    **108 – POSSESSING A HAZARDOUS TOOL.**

---

I.    NOTICE OF CHARGE(S)

    A.    Advanced written notice of charge (copy of Incident Report) was given to inmate on **09-13-2023** at **0741 hrs** (by staff member) **A.Corsi**

    B.    The DHO Hearing was held on **11-03-2023** at **0804 hrs**

    C.    The inmate was advised of the rights before the DHO by (staff member): **Dew** on **09-13-2023**

    and a copy of the advisement of rights form is attached.

    D.    Delay in Process   **Referral to FBI/AUSA**

---

II.    STAFF REPRESENTATIVE

    A.    Inmate waived right to staff representative:  [Yes] **X**    [No] __

    B.    Inmate requested staff representative and **NA** appeared.

    C.    Staff Representative's Statement: **NA**

    D.    Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **NA**

    E.    Staff representative **NA** was appointed.

---

III.    PRESENTATION OF EVIDENCE

    A.    Inmate ( ) admits    ( **X** ) denies the charge(s).

    B.    Summary of Inmate Statement:

    **I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office.  Then 30 seconds to SHU and in SHU for over 32 days.**

---



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

C.  Witnesses

1.  The inmate waived right to witnesses.  [Yes] **X**     [No] __

2.  The following persons were called as witness at this hearing and appeared
    (Each witness name and statement listed below):
    **NA**

3.  The following persons requested were not called for the reason(s) given
    (Each witness name and statement listed below):
    **NA**

4.  Unavailable witnesses were requested to submit written statements and
    those statements received were considered (Each witness name and
    statement listed below):
    **NA**

D.  Documentary Evidence. In addition to the Incident Report and
    Investigation, the DHO considered the following documents:
    **Incident Report – (BP-A288)**
    **Incident Report - Chain of Custody, Contraband – (BOP-IRCCC)**
    **Incident Report - Photographs – (BOP-IRPHO)**
    **Incident Report - FBI Declination Notification – (BOP-IRFBI)**

E.  Confidential information was used by DHO in support of his findings, but
    was not revealed to the inmate. The confidential information was documented
    in a separate report. The confidential information has been (confidential
    informants have been) determined to be reliable because:
    **NA**

---

IV.  FINDINGS OF THE DHO
     **X**  A. The act was committed as charged.    __  C. No prohibited act was committed:
     __  B. The following act was committted:          Expunge according to inmate
     _____              discipline PS.

---

V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
     written documents, etc.)
     **The DHO advised you of your rights before the Discipline Hearing Officer and you stated you
     understood those rights.  You confirmed you did not request a staff representative.  You requested
     no witnesses and presented no documentary evidence on your behalf.**

     **The DHO reviewed your rights and noted this disciplinary infraction was served on September 13,
     2023, beyond the ordinary twenty-four (24) hour time frame as the report was reviewed for possible
     prosecution.  The UDC hearing was conducted within the ordinary five (5) daytime frame.  The DHO
     could find no way in which this delay hindered your ability to present a defense.  The DHO noted
     you did not raise any concerns with the delays.**

     **The inmate appeared before the DHO and acknowledged receipt of the incident report.  He stated
     that he did not have any issues with the discipline process to this point.  The DHO**

---

Prescribed by P5270                     Replaces BP-304(52) of Jan 88                     16

Att. 4



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

finds you committed the prohibited act of Code 108, Possession of a Hazardous Tool (Cellular device).

The DHO basis this finding on the reporting officers  statements in Section 11 of the incident report which states, "On August 7th, 2023, at approximately 11:25 A.M., while working as Compound 2; I conducted a random round in A-unit. While conducting this round I noticed Inmate Muraina, Bamidele Reg. No. 73257-019 sitting on his bunk in cell A05-202L with his locker door open covering his hands. I stepped into the cell and found inmate Muraina holding a Motorola smart phone. He willingly surrendered the phone when I instructed him to hand it over.  Only identifiable number for the cell phone was on the SIM card: TF256PSIMV97N".

The DHO considered that cellular telephones are considered sensitive equipment. Cellular telephones are a hazardous tool. The action on the part of any inmate to possess a hazardous tool, (Cellular phone/charger) in any correctional institution seriously jeopardizes the security of the institution and poses a threat to the ability of staff to provide for the safety and security for staff, inmates and the general public as a whole. Possessing a cellular phone gives an inmate an opportunity to make completely unmonitored calls. These calls can contain threats to the general public or plans for an escape attempt or planning or participating in other illegal activity.

The DHO considered photographic evidence which reaffirms the reporting officers' statements in section 11 of the incident report as to the Motorola smart phone discovered on your person on August 7, 2023.  Photographs one and two are of the Motorola smart phone. Photographs three and four are of the SIM cards with the identifying number TF256PSIMV97N.

The DHO considered a chain of custody dated August 7, 2023, 2023, which lists you as the suspect, and the item as Blue Motorola smart phone. SIM card #8914800000884807999, TF256PSIMV97N.

Upon your confinement to any Bureau of Prisons (BOP) facility, you participate in Admissions and Orientations (A&O), wherein you were advised of BOP rules and regulations and your responsibility to abide by these rules. You are also provided an A&O handbook, which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

The DHO noted during the investigative process you stated to the investigator, "No comment".

The DHO noted during the UDC, you stated, "No comment".

 During the DHO hearing you self-admitted the charge by stating, "I was not caught with a phone. He asked what was in my hands. I said it's my tablet. It was a little altered. I handed it over and we walked to the Lieutenants office.  Then 30 seconds to SHU and in SHU for over 32 days".

The DHO considered your statement and denial to the charge against you but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. The DHO finds the staff member s statements and observations are more credible and believable than yours. The DHO finds no evidence, nor did you provide evidence, to indicate the staff member conspired to falsely accuse you of this misconduct. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, four photographs of the contraband, chain of custody and your lack of defense before the IDC chair and investigating Lieutenant.

Therefore, based on the greater weight of evidence, it was determined that you committed the prohibited act of Possession of a Hazardous Tool, Code 108. Evidence used included section 11 of the incident report, four photographs of the contraband, chain of custody and

Att. 4



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:   3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

your lack of defense before the IDC chair and investigating Lieutenant.

---

VI.    SANCTION OR ACTION TAKEN

**108 (FREQ 1) - DIS GCT 41 DAYS, 108 (FREQ 1) - LP COMM 90 DAYS, 108 (FREQ 1) - LP MPLAYER 90 DAYS, 108 (FREQ 1) - LP PHONE 180 DAYS, 108 (FREQ 1) - LP TABLET 90 DAYS, 108 (FREQ 1) - MON FINE 50 DOLLARS**

---

VII.    REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate manufacture, possess, or introduce into the institution, a tool or piece of equipment which may be used in an escape or escape attempt, poses a serious threat to the orderly operation and security of the institution, as well as to the health, safety and welfare of not only himself, but to all other inmates and staff. Past escape attempts involving these types of items have resulted in serious injuries, as well as deaths, to both inmates and staff which cannot and will not be tolerated. Inmates with an intention to escape have proven to be dangerous. They are also attempting to break the law in their endeavor. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction of disallowance of good conduct time (DGCT) was imposed to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA) and to emphasize the seriousness of the offense.

The sanctions for loss of phone, email, and visiting privileges were imposed to enforce the standard that inmates be held accountable for their actions but were as the DHO believes the sanctions will provide sufficient deterrence of future misconduct.

The sanction of the monetary fine was imposed to emphasize the seriousness of the offense, to enforce the standard that inmates be held accountable for their actions, and to deter similar future misconduct and was based on your account balance of $132.98, on the date of the DHO hearing.

---

Att. 4



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  3808150 |
|---|---|---|
| | | Reg#: 73257-019 |
| Dept. of Justice / Federal Bureau of Prisons | | MURAINA, BAMIDELE |

VIII.  APPEAL RIGHTS:  **X**  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.  Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. KELLER** | **E. KELLER** | **11-24-2023** |

DHO Report Delivered to Inmate by:

| **J. Love** | **J. Love** | **11-30-2023 0737 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Bramdale Murano #73257-019
FCI Milan
P O Box 1000
Milan MI 48160.



9589 0710 5270 0756 3312 40

Office Of the Clerk
US Courthouse
231 West Lafayette Blvd
Room 564
Detroit MI 48226

