UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAMIDELE MURIANA, #73257-019,

        Petitioner,

v.

        CASE NO. 2:24-CV-10977
        HONORABLE SEAN F. COX

ERIC RARDIN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS PETITION AND DENYING MOTION FOR EXPEDITED CONSIDERATION

### I. Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. In his habeas petition, federal prisoner Bamidele Muriana ("Petitioner") challenges a prison disciplinary proceeding that resulted in a finding of guilt for possession of a cell phone and the imposition of sanctions, including the loss of 41 days of good conduct time. Specifically, he asserts that the decision was not supported by sufficient evidence, that the incident report was delivered to him two days late, and that his due process rights were violated during the hearing. He seeks to have the incident expunged from his record and to lift all sanctions, including the loss of good conduct time. ECF No. 1. Respondent filed an answer to the habeas petition contending that it should be denied for lack of merit. ECF No. 6. Petitioner filed a reply to that answer, ECF No. 7, as well as a motion for expedited consideration. ECF No. 8.

At the time he instituted this action, Petitioner was confined at the Federal Correctional Institutional in Milan, Michigan ("FCI Milan"). He has since been released from custody. *See*

BOP Inmate Locator, https://www/bop.gov/inmateloc/ (stating that Petitioner is not in BOP custody with an unknown release date, accessed on Nov. 18, 2024). Petitioner has not provided the Court with updated contact information. For the reasons stated herein, the Court concludes that habeas petition must be denied.

## II. Discussion

### A. Mootness

First, the habeas petition must be dismissed because it has become moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs after the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Thomas Sysco Food Svs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (habeas claim is moot when the court no longer has power to grant the requested relief).

A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not

empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As discussed, Petitioner is no longer in BOP custody. Because Petitioner has been released from prison, the present case has become moot. There is no further meaningful relief for the Court to grant to grant him. The habeas petition must be dismissed as moot.

### B. Failure to Prosecute

Second, even if the case is not moot, it is subject to dismissal based upon the failure to prosecute. Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of an address change. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089; 2007 WL 2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a

3

case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . .", Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may dismiss a civil action for failure to prosecute pursuant to those rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has a duty to provide the Court with his current address or risk dismissal of his case. *Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. April 20, 1987). Petitioner has not provided the Court with updated contact information since he was released from custody. He has thus failed to comply with the foregoing rules and his case is subject to dismissal. *See, e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case based on failure to provide current contact information and failure to exhaust state remedies). The habeas petition must also be dismissed for failure to prosecute.

### C. Merits

Lastly, even if the case is not moot and is not subject to dismissal based on the failure to prosecute, it must nonetheless be dismissed for lack of merit. As explained by Respondent, the disciplinary hearing officer's decision was supported by "some evidence" of guilt as required by

4

*Superintendent v. Hill*, 472 U.S. 445 (1985), including the corrections officer's report, the photographic evidence, the FBI's declination, and the chain of custody form. ECF No. 6, PageID.64-65. The short delay in delivering the incident report does not warrant habeas relief and did not hinder Petitioner's defense to the charge. *Id*. at PageID.66-68. And Petitioner's due process rights were not violated at the disciplinary hearing because he was given all the process that he was due under *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id*. at PageID.68-69. Petitioner fails to show that he is entitled to relief on his claims. The habeas petition must therefore be denied.

### III. Conclusion

For the reasons stated, the Court concludes that this case must be dismissed as moot, for failure to prosecute, and/or on the merits. Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition. Given this determination, the Court also **DENIES** the motion for expedited consideration.

Before Petitioner may appeal, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a federal court denies habeas relief on procedural grounds, a COA should issue if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and would find it debatable whether the court was correct in its

5

procedural ruling. *Id*. Petitioner makes no such showing. Accordingly, the Court **DENIES** a COA.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED.**

s/Sean F. Cox
SEAN F. COX
United States District Judge

Dated: November 26, 2024

6